Mr. & Mrs. Floyd **BROCK**, individually and as next friend of Rachel Brock, a minor, Plaintiffs–Appellees,

v.

**MERRELL DOW PHARMACEUTICALS, INC.**, Defendant–Appellant.

No. 88–2311.

United States Court of Appeals, Fifth Circuit.

Aug. 15, 1989.

O.J. Weber, Mehaffey, Weber, Keigh & Gonsoulin, Beaumont, Tex., Robert M.

Dato, Dickson, Carlson & Campillo, Santa Monica, Cal., Ramey, Flock, Hutchins, Jeffus, McClendon & Crawford, P.C., for defendants-appellants.

Thomas H. Bleakley, Detroit, Mich., W. James Kronzer, Richard Warren Mithoff, Houston, Tex., for plaintiffs-appellees.

## ON PETITION FOR REHEARING

Before GARZA, JOLLY, and JONES, Circuit Judges.

PER CURIAM:

Appellees have filed a petition for rehearing en banc with regard to our prior disposition of this case, *Brock v. Merrell Dow Pharmaceuticals, Inc.*, 874 F.2d 307, 308 (5th Cir.1989). Treating that petition as a petition for panel rehearing, we hereby modify our prior panel opinion.

At 313, we stated that "[w]e find, in this case, the lack of conclusive epidemiological proof to be fatal to the Brocks' case." We hereby change that sentence to read "[w]e find, in this case, the Brocks' failure to present statistically significant epidemiological proof that Bendectin causes limb reduction defects to be fatal to their case."

We also change the last two sentences of the second to last paragraph on 315, which read:

Hopefully, our decision will have the effect of encouraging district judges faced with medical and epidemiologic proof in subsequent toxic tort cases to be especially vigilant in scrutinizing the basis, reasoning, and conclusiveness of studies presented by both sides. However, we do not wish this case to stand as a bar to future Bendectin cases in the event that new and conclusive studies emerge which would give a jury a firmer basis on which to determine the issue of causation.

These sentences should read as follows:

Hopefully, our decision will have the effect of encouraging district judges faced with medical and epidemiologic proof in subsequent toxic tort cases to be especially vigilant in scrutinizing the basis, reasoning, and statistical significance of studies presented by both sides. However, we do not wish this case to stand as a bar to future Bendectin cases in the event that new and statistically significant studies emerge which would give a jury a firmer basis on which to determine the issue of causation.

With the exception of the above changes, the panel adheres to its prior opinion in this case.