Rochelle LeBLANC

v.

## MERRELL DOW PHARMACEUTICALS, INC., et al.

Civ. A. No. 95–0193.

United States District Court, E.D. Louisiana.

Jan. 22, 1996.

Daniel E. Becnel, Jr., Darryl James Becnel, Becnel, Landry & Becnel, Reserve, LA, for plaintiff Rochelle LeBlanc.

Charles Fenner Gay, Jr., Adams & Reese, New Orleans, LA, George Berry, Dickson, Carlson & Campillo, Santa Monica, CA, for defendants Merrell Dow Pharmaceuticals Inc., Marion Merrell Dow Inc., Hoechst Marion Roussel, Inc., Merrell Pharmaceuticals Inc.

## *ORDER AND REASONS*

FALLON, District Judge.

Before the court is a motion for summary judgment filed by defendant Merrell Dow Pharmaceuticals, Inc. ("Merrell Dow"). For the following reasons, the motion is GRANTED.

**I. BACKGROUND:** Plaintiff, · Rochelle LeBlanc, allegedly was born with a congenital malformation, or limb reduction defect, known as Poland's Syndrome, which includes the absence or underdevelopment of the latissimus dorsi and the pectoralis major muscles on her right side. She brings this action against defendants Merrell Dow and Marion Merrell Dow Inc., alleging that this malformation was caused by the drug Bendectin, manufactured by Merrell Dow, which was allegedly ingested by plaintiff's mother during 1975 while plaintiff was *in utero*.[1]

**II. ANALYSIS:** Summary judgment will be granted only if the pleadings, depositions, answers to interrogatories, and

---

1. Defendant Marion Merrell Dow Inc. has never manufactured Bendectin and has been dismissed by this Court as an improperly named defendant.

admissions, together with affidavits show that there is no genuine issue as to any material fact and that the defendant is entitled to a judgment as a matter of law. Fed. R.Civ.P. 56. "Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish an essential element of that party's case, and on which that party will bear the burden of proof at trial." *Willis v. Roche Biomedical Laboratories, Inc.*, 61 F.3d 313, 315 (5th Cir.1995). If the movant demonstrates the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Id.* Further, "a dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

■ Merrell Dow seeks summary judgment on grounds that plaintiff is unable to prove that Bendectin caused the injury that she complains of and thus fails to establish an essential element of her case. Merrell Dow relies primarily on the Fifth Circuit's decision in *Brock v. Merrell Dow Pharmaceuticals, Inc.*, 874 F.2d 307 (5th Cir.), *modified*, 884 F.2d 166 (5th Cir.1989), *cert. denied*, 494 U.S. 1046, 110 S.Ct. 1511, 108 L.Ed.2d 646 (1990). As here, the plaintiffs in *Brock* sought damages from Merrell Dow on grounds that Bendectin had caused Poland's Syndrome. Although the jury returned a verdict in favor of the plaintiffs and the district court denied defendant's motions for directed verdict and for judgment notwithstanding the verdict, the Fifth Circuit reversed, finding that the plaintiffs had not presented "sufficient evidence regarding causation to allow a trier of fact to make a reasonable inference that Bendectin caused [plaintiff's] limb reduction defect." 874 F.2d at 315.

At the core of the Fifth Circuit's decision in *Brock* was the absence of any epidemiological study indicating a "statistically significant increased risk between exposure to Bendectin and birth defects." [2] *Id.* at 312. The court found this lack of "statistically significant epidemiological proof that Bendectin causes limb reduction defects to be fatal to [plaintiffs'] case." 884 F.2d 166. The court stated that it expected its opinion to "have precedential effect" on other Bendectin cases but did not intend the case "to stand as a bar to future Bendectin cases in the event that new and statistically significant studies emerge which would give a jury a firmer basis on which to determine the issue of causation." 874 F.2d at 315; 884 F.2d at 166.[3]

In support of its motion, Merrell Dow submits the declaration of Dr. Steven H. Lamm, (medical doctor and epidemiologist) who is co-author of an article published in the July 1994 issue of *Teratology*, the Journal of Abnormal Development, which presents a meta-analysis of all epidemiologic data through 1993 and finds no evidence of an association between Bendectin and birth defects. Dr. Lamm also declares that there is no study that has found an association between Bendectin exposure and Poland's Syndrome specifically.

In opposition to the motion, plaintiff offers an excerpt from the deposition testimony of Dr. Robert J. Allen, the physician who performed plaintiff's reconstructive surgery, which states that there is not a known cause of Poland's Syndrome. In addition, plaintiff offers what purports to be excerpts from the transcript of the direct examination of one Dr. Done and the direct examination of one Dr. Adrian Gross in a 1986 Pennsylvania state court proceeding. Plaintiff submits no curriculum vitae for either Dr. Done or Dr. Gross (who, according to Merrell Dow, has been deceased for several years). However, even if it could be established that these two individuals are qualified in their fields and

---

**2.** The court noted that no such study had been published, that the plaintiff's experts were unaware of any such study, and that none had been presented to the other federal appeals courts that had considered the issue. *Brock*, 874 F.2d at 312 & n. 14.

**3.** To be "statistically significant," an epidemiological study must conclude: 1) that the relative risk is greater than 1.0; and 2) that the confidence interval is not so great as to include 1.0. *Brock*, 874 F.2d at 312.

would opine today in substantial conformity with the testimonies given by them almost ten years ago, these transcripts do not help plaintiff to establish genuine issue as to the element of causation. The *Brock* court held that its opinion would not "stand as a bar to future Bendectin cases *in the event that new and statistically significant studies emerge* which would give a jury a firmer basis on which to determine the issue of causation." 884 F.2d at 166. Merrell Dow has presented evidence that no such studies have emerged, and the testimonies offered by plaintiff, given three years prior to *Brock,* do nothing to rebut this demonstration.

Plaintiff attempts to distinguish *Brock* on the basis that it was decided after a full trial on the merits, not on summary judgment. This argument cannot succeed. The *Brock* court held that the plaintiffs had not presented "sufficient evidence regarding causation to allow a trier of fact to make a reasonable inference that Bendectin caused [plaintiff's] limb reduction defect." 874 F.2d at 315. For purposes of summary judgment, a genuine issue is established with regard to a material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Willis v. Roche Biomedical Laboratories, Inc.,* 61 F.3d 313, 315 (5th Cir.1995). Consequently, the Fifth Circuit's holding in *Brock* applies in this case despite *Brock*'s different procedural posture. In addition, the Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 595, 113 S.Ct. 2786, 2798, 125 L.Ed.2d 469 (1993), expressly approved of a Sixth Circuit decision affirming summary judgment in a Bendectin case using the same

reasoning applied in *Brock*—namely, that based on the record as a whole, taken in the light most favorable to plaintiff, the scientific evidence currently available is not sufficient to allow a jury to find by a preponderance of the evidence that Bendectin caused a plaintiff's birth defect. *See Turpin v. Merrell Dow Pharmaceuticals, Inc.,* 959 F.2d 1349, 1349 (6th Cir.1992).[4] Thus, the Court finds that plaintiff has failed to distinguish *Brock* in any material way or to show that statistically significantly epidemiological studies have emerged since *Brock* that would enable a reasonable jury to find for plaintiff on the issue of causation.

For the foregoing reasons, IT IS ORDERED THAT plaintiff's motion for summary judgment is GRANTED.

---

**4.** It is worth noting that the *Daubert* court also expressly approved of the Fifth Circuit's decision in *Brock. Daubert,* at 595, 113 S.Ct. at 2798. The Court stated that if the evidence is "insufficient to allow a reasonable juror to conclude that the position more likely than not is true, the court remains free to direct a judgment ... and likewise to grant summary judgment." *Id.* (citing *Brock* and *Turpin* ).

While the Fifth Circuit has not addressed the issue of *Daubert* 's effect on *Brock,* the Sixth Circuit has twice addressed the post-*Daubert* viability of its decision in *Turpin. See Conde v. Velsicol Chemical Corp.,* 24 F.3d 809, 813 (6th Cir.1994); *Elkins v. Richardson–Merrell, Inc.,* 8 F.3d 1068, 1070–71 (6th Cir.1993). In *Conde,* the court addressed "the closely related issues of

medical causation and the admissibility of the [plaintiffs'] expert testimony." *Conde,* 24 F.3d at 812. The court explained that *Daubert* "dealt only with the circumstances under which expert testimony is admissible, and not with the separate question of when such testimony is sufficient to submit a case to the jury." *Id.* at 813. Thus, *Daubert* and *Turpin* "are not inconsistent with each other because this Court [the Sixth Circuit], as did the Supreme Court, 'construe[s] *Turpin* to treat the plaintiff's expert opinion ... *to be admissible but* "simply inadequate ... [to] permit a jury to conclude that Bendectin more probably than not causes limb defects." ' " *Conde,* 24 F.3d at 813 (quoting *Elkins,* 8 F.3d at 1071 (quoting *Turpin,* 959 F.2d at 1360)).