*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2004 FED App. 0219P (6th Cir.)
File Name: 04a0219p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

WILLIE JEFFERSON,
*Plaintiff-Appellant,*

v.

CHATTANOOGA PUBLISHING
COMPANY,
*Defendant-Appellee.*

No. 02-6239

Appeal from the United States District Court
for the Eastern District of Tennessee at Chattanooga.
No. 01-00165—R. Allan Edgar, Chief District Judge.

Argued: June 8, 2004

Decided and Filed: July 9, 2004

Before: MARTIN and SUTTON, Circuit Judges; QUIST,
District Judge.[*]

---

[*] The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

---

## COUNSEL

**ARGUED:** Harry F. Burnette, BURNETTE, DOBSON & HARDEMAN, Chattanooga, Tennessee, for Appellant. Matthew A. Salada, ZINSER LAW FIRM, Nashville, Tennessee, for Appellee. **ON BRIEF:** Harry F. Burnette, Anita B. Hardeman, BURNETTE, DOBSON & HARDEMAN, Chattanooga, Tennessee, for Appellant. Matthew A. Salada, L. Michael Zinser, ZINSER LAW FIRM, Nashville, Tennessee, for Appellee.

---

## OPINION

---

BOYCE F. MARTIN, JR., Circuit Judge. Willie Jefferson appeals the district court's order of summary judgment and subsequent denial of his motion to vacate that order. Both judgments were based on Jefferson's failure to submit any evidentiary support in response to Chattanooga Publishing's summary judgment motion as Federal Rule of Civil Procedure 56(c) requires. Jefferson contends that he was not required to submit evidence because Chattanooga Publishing actually filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and not a motion for summary judgment under Rule 56. For the reasons discussed below, we affirm.

We review the district court's grant of summary judgment *de novo*. *See Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir. 2001). We also review the district court's denial of Jefferson's Federal Rule of Civil Procedure 60(b) motion *de novo,* because the court's analysis involved interpretation and application of law. *See Jalapeno Prop. Mgmt., LLC v. Dukas*, 265 F.3d 506, 510 (6th Cir. 2001). Affirmation of both orders is appropriate if Jefferson failed to present evidence sufficient to create a dispute of material fact and Chattanooga

Publishing is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c).

Jefferson argues: (1) Chattanooga Publishing's motion for summary judgment merely stated that "Jefferson failed to state a claim . . . and . . . failed to allege facts on which relief may be granted," and therefore the district court should have interpreted it as a Rule 12(b)(6) motion; (2) the motion lacked documentary support and thus did not satisfy the movant's burden under Rule 56(c); and (3) the district court should have converted the motion to a Rule 12(b)(6) motion because it was filed prior to discovery. Jefferson's first two arguments can be rejected summarily: to meet its burden as the moving party in a motion for summary judgment, Chattanooga Publishing needed only to state that there is an absence of facts or evidence to support Jefferson's claims. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Elkins v. Richardson-Merrell, Inc.*, 8 F.3d 1068, 1071 (6th Cir. 1993). The motion states that Jefferson failed to allege facts on which relief may be granted; thus, Chattanooga Publishing satisfied its burden.

We similarly reject Jefferson's third argument, because it is well-established that a motion for summary judgment may be filed prior to discovery. Rule 56(b) allows a defendant to file the motion at any time, so long as the non-moving party has had sufficient time to engage in discovery. FED R. CIV. P. 56(b); *White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 232 (6th Cir. 1994). Under the facts of this case, where the summary judgment motion was filed a full six months after Chattanooga Publishing filed its answer to Jefferson's complaint, we conclude that Jefferson had sufficient time to engage in the discovery process.

Furthermore, Jefferson never indicated, as Rule 56(f) requires, that he did not have a sufficient opportunity for discovery. Rule 56(f) provides that a party opposing a motion for summary judgment is allowed to claim an inability to present facts essential to justify its opposition to summary judgment, and in certain cases the district court may postpone

the motion and permit further discovery. It is up to the party opposing the motion to take advantage of Rule 56(f), however, and to state why more discovery is needed. *See Good v. Ohio Edison Co.*, 149 F.3d 413, 422 (6th Cir. 1998) (holding that a party invoking Rule 56(f) protections must "affirmatively demonstrate . . . how postponement of a ruling on the motion will enable him, by discovery and other means, to rebut the movant's showing of the absence of a genuine issue of fact"). Jefferson made no such demonstration. Thus, he cannot properly assert this argument on appeal.

### CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.