[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13693
Non-Argument Calendar
_____

D.C. Docket Nos. 8:13-cv-02012-EAK-MAP,
8:05-cr-00355-EAK-MAP-1

LEON KING,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 28, 2015)

Before MARCUS, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Leon King, a federal prisoner proceeding with appointed counsel, appeals

the district court's denial of his 28 U.S.C. § 2255 motion as time-barred. A judge

of this Court granted King a certificate of appealability on the following issue:

> Whether Mr. King's 28 U.S.C. § 2255 motion is timely under § 2255(f)(3) because <u>Alleyne v. United States</u>, 570 U.S. \_\_\_, 133 S.Ct. 2151 (2013), and <u>Descamps v. United States</u>, 570 U.S. \_\_\_, 133 S.Ct. 2276 (2013), are retroactively applicable to cases on collateral review.

After careful review, we affirm.

We review <u>de novo</u> the district court's determination that a § 2255 motion is time-barred.  <u>Drury v. United States</u>, 507 F.3d 1295, 1296 (11th Cir. 2007).  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations for filing a § 2255 motion that begins to run from the latest of, <u>inter alia</u>, "the date on which the judgment of conviction becomes final," or "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  28 U.S.C. § 2255(f)(1), (3).  Any court may determine that a Supreme Court decision applies retroactively for purposes of § 2255(f)(3).  <u>See</u> <u>Dodd v. United States</u>, 365 F.3d 1273, 1278 (11th Cir. 2004), <u>aff'd on other grounds</u>, 525 U.S. 353 (2005).

When a Supreme Court decision results in a new constitutional rule, this rule applies to all criminal cases pending on direct review but applies to convictions that are already final only in limited circumstances.  <u>See</u> <u>Schriro v. Summerlin</u>, 542 U.S. 348, 351 (2004).  In deciding retroactivity issues under § 2255(f)(3), a court must first find whether the Supreme Court decision in question announced a "new rule."  <u>Teague v. Lane</u>, 489 U.S. 288, 300-01 (1989); <u>Howard v. United States</u>, 374

F.3d 1068, 1073-74 (11th Cir. 2004).  If a court determines that a Supreme Court decision announces a new constitutional rule, it must then determine whether that new rule satisfies an exception to the general prohibition against the retroactive application of new rules to cases on collateral review.  See Teague, 489 U.S. at 305–10.  New substantive rules generally apply retroactively, while new rules of criminal procedure generally do not.  Schriro, 542 U.S. at 351–52.

A rule is substantive, as opposed to procedural, if it "narrow[s] the scope of a criminal statute by interpreting its terms" or is a "constitutional determination[] that place[s] particular conduct or persons covered by the statute beyond the State's power to punish."  See id. at 351–54 (explaining that a new rule modifying the elements of an offense is normally substantive because new elements "alter the range of conduct the statute punishes, rendering some formerly unlawful conduct lawful or vice versa"); see also Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1278 (11th Cir. 2013).  New substantive rules apply retroactively because they "necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal or faces a punishment that the law cannot impose upon him."  Schriro, 542 U.S. at 352 (quotation omitted).

New rules of criminal procedure, by contrast, are those that "regulate only the manner of determining the defendant's culpability," such as by allocating decisionmaking authority as to who must find the "essential facts bearing on

3

punishment." Id. at 353 (emphasis omitted). New rules of procedure "do not produce a class of person convicted of conduct the law does not make criminal, but merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise." Id. at 352. Procedural rules thus produce a "more speculative connection to innocence" than do substantive rules, and courts give retroactive effect to "only a small set of watershed rules of criminal procedure." Id. (quotation omitted); see Teague, 489 U.S. at 311–12. The Supreme Court has explained that in order to qualify as a watershed rule, a decision must satisfy two requirements. First, it must "alter our understanding of the bedrock procedural elements essential to the fairness of a proceeding." Whorton v. Bockting, 549 U.S. 406, 418 (2007) (quotation omitted); see Teague, 489 U.S. at 311. Second, it must announce a rule "without which the likelihood of an accurate conviction is seriously diminished." Schriro, 542 U.S. at 352 (quotation omitted) (emphasis omitted).

In Alleyne, the Supreme Court revisited two of its prior cases: (1) Apprendi v. New Jersey, 530 U.S. 466 (2000), which requires that any fact that increases the penalty for a crime beyond the prescribed statutory maximum, other than the fact of a prior conviction, be submitted to a jury and proved beyond a reasonable doubt; and (2) Harris v. United States, 536 U.S. 545 (2002), which held that judicial factfinding that increased the applicable statutory mandatory minimum sentence

4

was permissible under the Sixth Amendment.  See Alleyne, 133 S.Ct. at 2157–58.  In Alleyne, the Supreme Court expressly overturned Harris because it was inconsistent with its decision in Apprendi, and it determined that any facts that, by law, increase the applicable statutory mandatory minimum sentence for a crime constitutes an element of the crime that must be submitted to a jury and found beyond a reasonable doubt.  Id. at 2155, 2163.

In Jeanty v. Warden, FCI Miami, we said that "Alleyne does not apply retroactively on collateral review."   757 F.3d 1283, 1285 (11th Cir. 2014) (reviewing the denial of a 28 U.S.C. § 2241 petition and the application of § 2255(e)'s savings clause).  We explained that "neither Alleyne itself nor any later Supreme Court decision [held] that Alleyne is retroactive," and that in fact the Alleyne Court had explained that its holding was an application of the Apprendi rule.  Id.  We then noted that we had repeatedly held that the Apprendi rule did not apply retroactively on collateral review, and, thus, "neither [does] a decision applying its rule."  Id. at 1285–86; see, e.g., McCoy v. United States, 266 F.3d 1245, 1258 (11th Cir. 2001).

Descamps addressed the process for determining whether a defendant's prior conviction qualified as a violent felony for purposes of enhancing his sentence under the Armed Career Criminal Act ("ACCA").   See Descamps, 133 S.Ct. at 2281–82.  The Descamps Court recounted that a court may, in the case of a

5

"divisible" statute (that is, one that sets out one or more elements of the offense in the alternative), apply a "modified categorical approach" to determine which of the statutory alternatives formed the basis of the defendant's prior conviction for purposes of determining whether a prior conviction is a predicate conviction for an enhanced sentence.  See id.  However, Descamps held that sentencing courts may not apply the modified categorical approach to prior convictions under "indivisible" statutes, meaning statutes that have a "single, indivisible set of elements."  Id.  Instead, such indivisible statutes must be analyzed using the categorical approach, meaning that courts compare the elements of the statute forming the basis of the defendant's prior conviction with the elements of the generic crime.  Id.  The Descamps Court discussed Taylor v. United States, 495 U.S. 575 (1990), which had adopted a "formal categorical approach," and explained that Taylor recognized a hypothetical "narrow range of cases" -- involving statutes with alternative elements, or divisible statutes -- in which sentencing courts would use a modified categorical approach to look beyond the statutory elements of a conviction.  See 133 S.Ct. at 2283–84 (quotation omitted).  The Descamps Court explained that the hypothetical type of cases discussed in Taylor became real in Shepard v. United States, 544 U.S. 13, 16 (2005), which "authorized sentencing courts to scrutinize a restricted set of materials" to decide whether a defendant's prior conviction under a divisible burglary statute qualified

6

as an ACCA predicate conviction. 133 S.Ct. at 2284. The <u>Descamps</u> Court explained that its caselaw involving the categorical approach and modified categorical approach involving the ACCA "all but resolve[d]" the instant case because, applying the modified categorical approach in "the only way [it has] ever allowed . . . merely helps implement the categorical approach when a defendant was convicted of violating a divisible statute." <u>Id</u>. at 2283–85, 2287–89.

In this case, as in <u>Jeanty</u>, <u>Alleyne</u> is not retroactively applicable on collateral review. See <u>Jeanty</u>, 757 F.3d at 1285–86. Although King argues that <u>Jeanty</u> is distinguishable because it only addressed the "jury component" of the <u>Alleyne</u> rule and not the "reasonable doubt component," this argument is meritless because <u>Alleyne</u> announced a single holding -- that a fact that increases the statutory minimum sentence is an element of the crime. See <u>Alleyne</u>, 133 S.Ct. at 2155, 2163. <u>Alleyne</u> did not announce separate rules about jury submission or the standard of proof, as both are merely consequences of the Supreme Court's holding that facts are elements of the crime if they increase the statutory minimum sentence. See <u>id</u>. at 2155. Further, our opinion in <u>Jeanty</u> did not distinguish between portions of <u>Alleyne</u>, but rather addressed its retroactivity generally. See <u>Jeanty</u>, 757 F.3d at 1284–86. Thus, <u>Alleyne</u> is not retroactively applicable to cases on collateral review.

As for <u>Descamps,</u> it is not a new rule. It merely applied prior precedent to

reaffirm that courts may not use the modified categorical approach to determine whether convictions under indivisible statutes are predicate ACCA violent felonies. See Descamps, 133 S.Ct. at 2281–85. Descamps is thus unlike other Supreme Court decisions construing the phrases "violent felony" or "crime of violence" and limiting the types of convictions that qualify as such, which did pronounce new substantive rules. See Begay v. United States, 553 U.S. 137, 143 (2008) (narrowing one portion of the definition of a crime of violence for purposes of the career offender guidelines); Chambers v. United States, 555 U.S. 122 (2009) (narrowly construing "violent felony" under the ACCA to exclude failure to report for incarceration as qualifying as an escape from a penal institution); Zack v. Tucker, 704 F.3d 917, 925-26 (11th Cir.) (stating that both Begay and Chambers apply retroactively on collateral review), cert. denied 134 S.Ct. 156 (2013).

For these reasons, neither Alleyne nor Descamps apply retroactively on collateral review as required by § 2255(h)(2), and, thus, King's § 2255 motion was not timely under § 2255(f)(3).

**AFFIRMED**.

8