NOT DESIGNATED FOR PUBLICATION

No. 114,313

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DAVID J. SILVERS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WARREN M. WILBERT, judge. Opinion filed July 8, 2016. Sentence vacated and case remanded with directions.

*Kenneth B. Miller*, attorney at law, LLC, of Wichita, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., HILL and BRUNS, JJ.

*Per Curiam:* David J. Silvers appeals the denial of his motion to correct an illegal sentence. On October 25, 2000, Silvers was convicted of aggravated criminal sodomy, a severity level 2 person felony. The district court designated Silvers' criminal history score as B in part because of a prior Kansas burglary conviction, dated April 1993, that was scored as a person felony. Silvers did not object to his criminal history score. On November 29, 2000, Silvers was sentenced to 438 months in prison. This court later affirmed Silvers' conviction in April 2002.

1

In June 2014, Silvers filed a motion to correct an illegal sentence. After he filed this motion, the Kansas Supreme Court decided *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015). Silvers filed an amended motion contending that his prior burglary conviction should not have been scored as a person felony based on *Dickey*; *Descamps v. United States*, 570 U.S. ___, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013); and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). The district court held a nonevidentiary hearing. The State principally argued that *Dickey* and *Descamps* should not be retroactively applied to a conviction that was already final before those opinions were filed. Silvers argued in response that *Dickey* and *Descamps* were merely applications of *Apprendi*, which was decided June 26, 2000, before he was convicted. The district court denied the motion, finding *Apprendi* inapplicable to Silvers' criminal history. Silvers appealed.

On appeal, the State agrees that if the holding from *Dickey* is applied, Silvers' prior burglary conviction should be scored as a nonperson felony and his resulting criminal history score would be C. However, the State contends that (1) the Supreme Court wrongly decided that an *Apprendi*-based challenge to criminal history can be brought as a claim of an illegal sentence under K.S.A. 22-3504; (2) res judicata bars Silvers' claim; and (3) *Dickey* should not be retroactively applied to a case that has already become final.

*The road from* Apprendi *to* Dickey *leads to our conclusion.*

In *Apprendi*, the United States Supreme Court held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. In *Descamps*, the Court determined that *Apprendi* was implicated when a district court enhanced a defendant's sentence based on a factual finding that went beyond the existence of a prior conviction and the statutory elements that comprised the prior conviction. 133 S. Ct. at 2282, 2288-89.

Our Kansas Supreme Court applied *Apprendi* and *Descamps* in its *Dickey* decision. In order to classify Dickey's prior burglary conviction as a person offense, the court needed to find that the prior burglary involved a "dwelling." 301 Kan. at 1021. The burglary statute that formed the basis of Dickey's prior conviction did not include an element that the burglarized structure be a dwelling. Thus, the district court was constitutionally prohibited from classifying the conviction as a person offense under *Descamps* and *Apprendi* because doing so would "necessarily involve judicial factfinding that goes beyond merely finding the existence of a prior conviction or the statutory elements constituting that prior conviction." 301 Kan. at 1021. The court held that "classifying Dickey's prior burglary adjudication as a person felony violates his constitutional rights as described under *Descamps* and *Apprendi*." 301 Kan. at 1021.

*This is an "illegal sentence" under K.S.A. 22-3504.*

Courts may correct an illegal sentence at any time. K.S.A. 22-3504(1). Therefore, whether a sentence is illegal may be considered for the first time on appeal. *Dickey*, 301 Kan. at 1027. Moreover, a challenge to an illegal sentence is not subject to the general rule that a defendant must raise all available issues on direct appeal. *State v. Neal*, 292 Kan. 625, 631, 258 P.3d 365 (2011). Whether a sentence is illegal is a question of law over which an appellate court has unlimited review. *State v. Moncla*, 301 Kan. 549, 551, 343 P.3d 1161 (2015).

An illegal sentence is (1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in the character or the term of authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served. *Dickey*, 301 Kan. at 1034.

The Court of Appeals is duty bound to follow Kansas Supreme Court precedent, absent some indication the Supreme Court is departing from its previous position. *State v.*

3

*Belone*, 51 Kan. App. 2d 179, 211, 343 P.3d 128, *rev. denied* 302 Kan. ___ (September 14, 2015).

Generally, a sentence imposed in violation of a constitutional provision does not fit within the definition of an illegal sentence under K.S.A. 22-3504(1). *Moncla*, 301 Kan. at 553-54. However, when a constitutional challenge renders a defendant's criminal history score incorrect, the sentence based on that criminal history score is illegal. See, *e.g.*, *Dickey*, 301 Kan. at 1030-34. In *Neal*, our Supreme Court reasoned that a defendant's challenge to his criminal history score is "necessarily a challenge to his sentence that the history score helped produce. If the history score is incorrect, it follows that his resulting sentence cannot conform with the statutory provision in the term of the punishment authorized . . . and, consequently, is an illegal sentence." 292 Kan. at 631. In *Dickey*, 301 Kan. at 1030-34, the Supreme Court held that a defendant's challenge to the classification of a prior adjudication for purposes of lowering his criminal history score is a challenge that the defendant's sentence is illegal under K.S.A. 22-3504(1).

We have no indication that the Supreme Court is departing from this position. Therefore, Silvers' challenge to the classification of his prior burglary conviction for criminal history purposes is properly before this court on a motion to correct an illegal sentence.

How we go about classifying the convictions in a defendant's record is clear. When designating a pre-KSGA conviction as a person or nonperson crime in the criminal history, the court must consider how the crimes would have been classified based on the classification in effect for the comparable Kansas offense at the time the current crime of conviction was committed. *State v. Keel*, 302 Kan. 560, 590, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016).

4

Silvers' current crime of conviction was committed on April 9, 2000. Under K.S.A. 1999 Supp. 21-4711(d), a burglary conviction was scored as a person felony if it was classified as a burglary as described in subsection (a) of K.S.A. 21-3715. K.S.A. 21-3715 (Furse 1995) subsection (a) contained an element that the burglarized structure be a "dwelling." Silvers was convicted of burglary under K.S.A. 21-3715 in April 1993. Prior to July 1, 1993, that statute did not have a "dwelling" element. See K.S.A. 1992 Supp. 21-3715. Like in *Dickey*, because the statute that formed the basis of Silvers' prior burglary conviction did not include an element that the burglarized structure be a dwelling, the district court was constitutionally prohibited under *Descamps* and *Apprendi* from classifying the conviction as a person offense because doing so would necessarily involve judicial factfinding beyond the existence of the prior conviction and the statutory elements that made up the prior conviction. See *Dickey*, 301 Kan. at 1021.

Silvers' criminal history was scored as B because he had two prior person felony adjudications, including the burglary adjudication. His criminal history would have been scored as C if the burglary adjudication had been properly scored as a nonperson felony. See K.S.A. 1999 Supp. 21-4704(a). Silvers' criminal history score on which his sentence was based was incorrect, and his sentence was therefore illegal.

*Res judicata is inapplicable here.*

The State contends that Silvers waived the current challenge to his criminal history score because he could have raised the issue on direct appeal but he failed to do so. The State acknowledges that a panel of this court just decided this issue against it in *State v. Martin*, 52 Kan. App. 2d 474, Syl. ¶ 5, 369 P.3d 959 (2016), *petition for rev. filed* May 5, 2015. But the State contends we need not follow *Martin*.

The applicability of res judicata is a question of law over which we have unlimited review. *State v. Robertson*, 298 Kan. 342, 344, 312 P.3d 361 (2013). Res judicata consists

5

of four elements: (1) same claim; (2) same parties; (3) claims were or could have been raised; and (4) a final judgment on the merits. The general rule is that where an appeal is taken from a conviction or sentence imposed, the judgment of the appellate court is res judicata as to all issues actually raised. Issues that could have been raised are deemed waived. *State v. Kingsley*, 299 Kan. 896, 901, 326 P.3d 1083 (2014).

In *Martin*, this court held that the general rule is inapplicable to a claim that, if true, would render a sentence illegal and the claim has not been previously addressed on its merits. 52 Kan. App. 2d 474, Syl. ¶ 4. We find *Martin* persuasive:

> "[I]nterpreting the doctrine of res judicata to bar challenges of an illegal sentence merely because they *could* have been brought in a direct appeal would undermine the clear statutory directive that courts may correct an illegal sentence at any time under K.S.A. 22-3504(1). As this court recently explained in an unpublished decision, res judicata generally applies to all issues that were or could have been raised in an appeal from a sentence or conviction. *Angelo v. State*, No. 109,660, 2014 WL 1096834, at *3 (Kan. App. 2014) (unpublished opinion), *rev. denied* 301 Kan. 1045 (January 8, 2015). But the *Angelo* court also stated: 'However, K.S.A. 22-3504(1) provides an exception to this rule. If a sentence is illegal, then the court may correct an illegal sentence at any time despite a defendant's failure to raise the issue on direct appeal.' 2014 WL 1096834, at *3. This court continued: '[If a] sentence is illegal, res judicata does not apply and we have jurisdiction over the issue.' 2014 WL 1096834, at *4.

> "Our Supreme Court took a similar position in *State v. Neal*, 292 Kan. 625, 631, 258 P.3d 365 (2011). The *Neal* court noted that although the defendant had not raised in his direct appeal the issue of aggregation of prior convictions for criminal history purposes, 'the motion to correct illegal sentence is not subject to our general rule that a defendant must raise all available issues on direct appeal.' 292 Kan. at 631. Based on the analysis in *Neal* and *Angelo* and because a broad application of res judicata would contravene the clear directive of K.S.A. 22-3504(1), we decline to apply the doctrine of res judicata or waiver to bar Martin's claim of an illegal sentence." *Martin*, 52 Kan. App. 2d at 481-82.

6

Silvers' claim that his April 1993 burglary conviction was incorrectly scored as a person felony is true. This issue has not been previously addressed on its merits. Thus, Silvers' claim is not barred by the doctrine of res judicata.

*We apply the* Dickey *doctrine retroactively.*

The State next contends that the holding in *Dickey* should not be retroactively applied to cases that have become final before the *Dickey* opinion was filed. Again, the State acknowledges that this court recently rejected the same argument in *Martin*.

Generally, when an appellate court decision changes the law, that change acts prospectively and applies only to all cases, state or federal, that are pending on direct review or not yet final on the date of the appellate court decision. *State v. Mitchell*, 297 Kan. 118, Syl. ¶ 3, 298 P.3d 349 (2013).

> "'Under *Teague v. Lane*, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989), a new rule of constitutional criminal procedure is not applied retroactively on collateral review unless (1) it places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to prosecute, or (2) it is a watershed rule requiring the observance of those procedures that are implicit in the concept of ordered liberty.' [Citation omitted.]" *Drach v. Bruce*, 281 Kan. 1058, 1072, 136 P.3d 390 (2006), *cert. denied* 549 U.S. 1278 (2007).

Despite the general rule, the *Martin* court determined that the defendant was not procedurally barred from bringing his claim for two reasons. We find both persuasive. First, K.S.A. 22-3504(1) allows courts to correct an illegal sentence at any time. *Martin*, 52 Kan. App. 2d at 477. As explained above, our Supreme Court decided in *Neal* and subsequent cases that when a constitutional error results in a determination that the defendant's criminal history score is incorrect, the resulting sentence does not conform to the statutory provision in the term of punishment authorized and is, consequently, an

7

illegal sentence. Thus, the *Martin* court concluded that "a claim under *Dickey* may be brought by a defendant in a motion to correct an illegal sentence even when the time for direct appeal has passed and the defendant's sentence is final." *Martin*, 52 Kan. App. 2d at 484. We agree.

Second, *Dickey* did not announce a new constitutional rule—rather, the *Dickey* court applied the constitutional sentencing rule established by *Apprendi* to Kansas criminal history determinations. *Martin*, 52 Kan. App. 2d at 484.

"In *Dickey*, our Supreme Court explicitly held: "[C]lassifying Dickey's prior burglary adjudication as a person felony violates his constitutional rights as described under *Descamps* and *Apprendi*." 301 Kan. at 1021. In its analysis of those constitutional rights, the court began by examining *Apprendi*, indicating that *Apprendi* was the basis for the ultimate holding in *Dickey*. 301 Kan. at 1036-37. Descamps provided a means by which to determine whether certain sentencing determinations violated *Apprendi*, and *Dickey* applied that framework to Kansas criminal history determinations. 301 Kan. at 1036-40.

"Because both *Descamps* and *Dickey* are applications of *Apprendi* and Martin's current Kansas case arose well after *Apprendi* was decided, applying *Dickey* would not require retroactive application of the caselaw identifying the constitutional rights at stake. See *State v. Gould*, 271 Kan. 394, 414, 23 P.3d 801 (2001) ("[T]he new constitutional sentencing rule established by *Apprendi* must be applied here and in all cases pending on direct appeal or which are not yet final or which arose after June 26, 2000."). Therefore, even if this court were to consider Martin's challenge under the general principal that new constitutional rules cannot be retroactively applied to cases on collateral review, that principal would not bar Martin's claim." *Martin*, 52 Kan. App. 2d at 484.

The constitutional principle that renders Silvers' conviction illegal is the *Apprendi* holding. Silvers was convicted in October 2000. Therefore, his case was "not yet final" when *Apprendi* was decided in June 2000. Applying the *Apprendi* rule to Silvers'

criminal history determination does not constitute retroactive application of caselaw. Silvers' sentence was illegal at the time it was rendered.

The State points out that Kansas appellate courts have consistently held that *Apprendi*-based decisions have no retroactive effect, citing *Gould*, 271 Kan. at 414; *Whisler v. State*, 272 Kan. 864, 879, 36 P.3d 290 (2001); and *Verge v. State*, 50 Kan. App. 2d 591, 594, 335 P.3d 679 (2014), *rev. denied* 302 Kan. ___ (June 29, 2015). However, we are not applying *Apprendi* retroactively. The aforementioned cases state that the key date is June 26, 2000—the date that *Apprendi* was decided. *Gould*, 271 Kan. at 414. Silvers was convicted after *Apprendi* was decided. Moreover, we have statutory authority to correct an illegal sentence at any time. See K.S.A. 22-3504(1).

The State also cites several federal cases that hold that *Descamps* did not create a new rule and does not apply retroactively on collateral review under federal law. See, *e.g.*, *King v. United States*, 610 Fed. Appx. 825, 828-29 (11th Cir. 2015) (unpublished opinion), *cert denied* 136 S. Ct. 349 (2015). These cases are based on a federal statute that time-bars collateral actions. There is a 1-year statute of limitations for filing a collateral motion under 28 U.S.C. § 2255 (2012), from the date the conviction becomes final or "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(1), (3). A prisoner may not file a second or successive § 2255 motion unless the motion is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 22 U.S.C. § 2255(h)(2). In *King*, the court determined that *Descamps* did not create a new rule and, thus, King's § 2255 motion was not timely under § 2255(f)(3). 610 Fed Appx. at 829. In *Ezell v. United States*, 778 F.3d 762, 767 (9th Cir. 2015), the court determined that *Descamps* did not create a new rule of constitutional law and, thus, Ezell failed to make the showing required by § 2255(h)(2). In *Groves v. United States*, 755 F.3d 588, 593 (7th Cir. 2014),

the court noted that the Supreme Court had not made *Descamps* retroactive on collateral review. However, there is no similar statutory time restriction for bringing a motion to correct an illegal sentence under Kansas law.

To summarize, the district court erred by classifying Silvers' April 1993 burglary conviction as a person felony for criminal history purposes. Accordingly, we vacate Silvers' sentence and remand for resentencing with directions to classify his April 1993 Kansas burglary conviction as a nonperson felony for criminal history purposes.

Sentence vacated. Case remanded for resentencing.