NOT DESIGNATED FOR PUBLICATION

No. 114,185

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

VAUGHN L. FLOURNOY,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION

Appeal from Wyandotte District Court; MICHAEL GROSKO, judge. Opinion filed September 30, 2016. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at Law, of Lawrence, for appellant.

*Sheryl L. Lidtke*, chief deputy district attorney, *Jerome A. Gorman*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before PIERRON, P.J., ATCHESON and ARNOLD-BURGER, JJ.


*Per Curiam*:  In 1999, Vaughn L. Flournoy was convicted of first-degree premeditated murder of his grandmother. Under the statute in effect at the time, he was given a life sentence, and the sentencing court was given the responsibility to determine if Flournoy was eligible for parole after serving the minimum 25 years or whether he was going to be required to serve 40 years in prison before he could be considered for parole. K.S.A. 22-3717 (Furse); K.S.A. 21-4635 (Furse). The sentencing court determined that the mitigating factors present did not outweigh the aggravating factors, so it sentenced Flournoy to a life sentence without the possibility of parole for 40 years. Now, Flournoy

1

appeals the summary dismissal of his second K.S.A. 60-1507 motion as successive and untimely claiming that the new rule established in *Alleyne v. United States*, 570 U.S. ___, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013), which mandates that only a jury could have found the aggravating factors necessary to enhance Flournoy's parole eligibility from 25 years to 40 years, is an intervening change in the law that requires his case to be remanded for resentencing. But Flournoy's case was final, having exhausted all direct appeals, when *Alleyne* was issued. Because *Alleyne* does not apply retroactively to cases on collateral review, we affirm.

FACTUAL AND PROCEDURAL HISTORY

The underlying facts of this case are summarized in the opinion from the direct appeal and are not pertinent to this appeal. *State v. Flournoy*, 272 Kan. 784, 36 P.3d 273 (2001). Suffice it to say that in 1999 Flournoy was convicted of first-degree murder. He was given a hard 40 sentence which was subsequently upheld in a second appeal. See *State v. Flournoy*, No. 88,814, 2003 WL 22938959 (Kan. 2003) (unpublished opinion). In 2004, Flournoy filed his motion for relief under K.S.A. 60-1507. He claimed that his trial counsel was ineffective for failing to file a notice of mental defect defense, for failing to get his Navy records to Larned State Hospital before Flournoy's first evaluation, and for failing to prepare and present evidence of mitigating factors to refute his hard 40 sentence. The summary denial of his motion by the district court was upheld on appeal. *Flournoy v. State*, No. 95,426, 2006 WL 3000775 (Kan. App. 2006) (unpublished opinion), *rev. denied* 283 Kan. 930 (2007).

Flournoy filed his present motion for relief under K.S.A. 60-1507, pro se, in September 2013. His sole argument was that his sentence was illegal under *Alleyne*. The district court summarily denied his motion in November 2013 for three reasons: (1) it was untimely; (2) the Kansas Supreme Court had not yet found *Alleyne* to be applicable to the Kansas sentencing scheme; and (3) even if *Allyene* was applicable, it could not be

2

applied retroactively to cases that were already final when it was issued. Flournoy appeals that decision.

ANALYSIS

When the district court summarily denies a K.S.A. 60-1507 motion, an appellate court conducts de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014). Having conducted such a review, we agree with the district court that the motions, files, and records of the case conclusively establish that Flournoy is not entitled to relief for the following reasons.

First, Flournoy's motion is clearly untimely. A defendant has 1 year from when his or her conviction becomes final to file a K.S.A. 60-1507 motion. K.S.A. 60-1507(f)(1). The district court may extend this time limit to prevent manifest injustice. K.S.A. 60-1507(f)(2). Manifest injustice must be determined from the totality of the circumstances. In determining whether manifest injustice exists, the court should consider this nonexhaustive list of factors:  (1) whether the movant provides persuasive reasons or circumstances that prevented him or her from filing the 60-1507 motion within the time limitation; (2) whether the merits of the movant's claims raise substantial issues of law or fact deserving the district court's consideration; and (3) whether the movant sets forth a colorable claim of actual innocence, *i.e.*, factual, not legal, innocence. See *Vontress v. State*, 299 Kan. 607, 616, 325 P.3d 1114 (2014).

Second, Flournoy's claim is clearly successive. The district court is not required to entertain a second or successive motion from the same individual. K.S.A. 60-1507(c); *State v. Trotter*, 296 Kan. 898, 904, 295 P.3d 1039 (2013). In fact, a K.S.A. 60-1507 movant "is presumed to have listed all grounds for relief," meaning that he or she must show circumstances justifying the failure to include a newly raised issue in a previous

motion in order to avoid dismissal. 296 Kan. 898, Syl. ¶ 2; see Supreme Court Rule 183(d) (2015 Kan. Ct. R. Annot. 271). Likewise,

> "[a] proceeding under K.S.A. 60-1507 ordinarily may not be used as a substitute for direct appeal involving mere trial errors or as a substitute for a second appeal. Mere trial errors must be corrected by direct appeal, but trial errors affecting constitutional rights may be raised even though the error could have been raised on appeal, provided exceptional circumstances excuse the failure to appeal." Supreme Court Rule 183(c)(3) (2015 Kan. Ct. R. Annot. 272).

"Exceptional circumstances" have been defined to include "'"unusual events or intervening changes in the law which prevent a movant from reasonably being able to raise all of the trial errors in the first post-conviction proceeding."'" *State v. Mitchell*, 297 Kan. 118, 123, 298 P.3d 349 (2013). Exceptional circumstances can include ineffective assistance of counsel. *Rowland v. State*, 289 Kan. 1076, 1087, 219 P.3d 1212 (2009).

Flournoy argues that he has established both manifest injustice and exceptional circumstances to overcome the timeliness and successiveness hurdles because *Alleyne*, which has been subsequently adopted by our Kansas Supreme Court in *State v. Soto*, 299 Kan. 102, Syl. ¶ 9, 322 P.3d 334 (2014), constitutes an intervening change in the law that would provide him relief. But Flournoy faces one final hurdle that he is not able to overcome. Even if we assume that *Alleyne* would have provided him relief from his hard 40 sentence, our court and others that have considered the issue have unequivocally held that the sentencing rule in *Alleyne* does not apply retroactively to cases before the court on collateral review. See *Verge v. State*, 50 Kan. App. 2d 591, 598, 335 P.3d 679 (2014), *rev. denied* 302 Kan. 1022 (2015). And as we found in *Verge*, even if we were to construe his motion as a motion to correct an illegal sentence, it would still fail. See also *State v. Moncla*, 301 Kan. 549, 553-54, 343 P.3d 1161 (2015) (definition of illegal sentence does not include claim that sentence violates a constitutional provision). Accordingly, the decision of the district court is affirmed.

Affirmed.