No. 93,445

STATE OF KANSAS, *Appellee,* v. ROBERT SYNORACKI, *Appellant.*

(126 P.3d 1121)

Opinion filed February 3, 2006.

*Randall L. Hodgkinson,* deputy appellate defender, were on the brief for appellant.

*Ty Kaufman,* county attorney, and *Phill Kline,* attorney general, were on the brief for appellee.

The opinion of the court was delivered by

ALLEGRUCCI, J.: In 1992, defendant Robert Synoracki was convicted by a jury of attempted first-degree murder. An indeterminate sentence of 10 years to life was imposed. In 2004, Synoracki filed a pro se motion to correct an illegal sentence, asserting that the enhanced sentence violated due process and was illegal under *Apprendi v. New Jersey,* 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), and *Blakely v. Washington,* 542 U.S. 296, 159 L. Ed. 2d 403, 124 S. Ct. 2531 (2004). The district court summarily denied the motion. Synoracki appealed. Was Synoracki's sentence illegal under *Apprendi?*

In 1992, a jury found Synoracki guilty of one count of attempted first-degree murder. The district judge sentenced Synoracki in

March 1992 to a minimum of 10 years and a maximum of life. At sentencing, the district judge stated he was imposing greater than the minimum sentence "as a result of the seriousness, amount of injury that was done by the defendant in this case to the victim, the fact it was premeditated and the evidence shows intentional, and based to a large degree on his prior record, especially this Aggravated Battery that took place in Florida." The district judge then stated that he had carefully considered the factors provided in K.S.A. 21-4601 and 21-4606 and found no mitigating circumstances that would justify a lesser sentence.

On Synoracki's direct appeal to this court, defendant argued the State (1) had improperly introduced a written statement into evidence after the defense had rested, and (2) had introduced evidence of his prior conviction during its cross-examination, and (3) had argued to the jury that the defendant's prior convictions showed he was a violent man. Synoracki raised no sentencing issues in his appeal.

In August 2004, Synoracki filed a pro se motion to correct an illegal sentence or, in the alternative, asking that the matter be heard pursuant to K.S.A. 2004 Supp. 60-1507. For authority he cited *Apprendi*, *Blakely*, and *State v. Gould*, 271 Kan. 394, 23 P.3d 801 (2001). Promptly denying the defendant's motion, the district judge wrote: "The cases you cite to the Court in your motion simply have no bearing on your particular case. You were convicted by a jury and properly sentenced by the Court." Defendant's conviction was affirmed. *State v. Synoracki*, 253 Kan. 59, 853 P.2d 24 (1993). Synoracki appealed the district court's decision, claiming the district judge's enhanced sentence was based on judicially found facts, and therefore it violated the Sixth and Fourteenth Amendments to the United States Constitution and must be set aside.

In *Whisler v. State*, 272 Kan. 864, 36 P.3d 290 (2001), this court held that *Apprendi* does not apply to cases that were final on or before June 26, 2000. Synoracki contends that *Whisler* was wrongly decided and should be reconsidered in light of *Schriro v. Summerlin*, 542 U.S. 348, 159 L. Ed. 2d 442, 124 S. Ct. 2519 (2004). Synoracki asserts that because this court did not have the benefit of the analysis in *Summerlin*, *Whisler* was wrongly decided.

In *Apprendi*, the United States Supreme Court "interpreted the constitutional due-process and jury-trial guarantees to require that, '[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.' 530 U.S. at 490." *Summerlin*, 542 U.S. at 350.

Later, in *Ring v. Arizona*, 536 U. S. 584, 153 L. Ed. 2d 556, 122 S. Ct. 2428 (2002), the United States Supreme Court applied the *Apprendi* principle to a death sentence and concluded that, "because Arizona law authorized the death penalty only if an aggravating factor was present, *Apprendi* required the existence of such a factor to be proved to a jury rather than to a judge. 536 U.S. at 603-09." *Summerlin*, 542 U.S. at 351. "Because Arizona law already required aggravating factors to be proved beyond a reasonable doubt, [citation omitted] that aspect of *Apprendi* was not at issue." *Summerlin*, 542 U.S. at 351 n.1.

Like *Ring*, *Summerlin* is an Arizona death penalty case. At the time of Summerlin's conviction and sentencing, Arizona law authorized the death penalty if the trial judge found one of several aggravating factors. The *Summerlin* trial judge found two aggravating factors existed: (1) a prior felony conviction involving use or threatened use of violence, and (2) the commission of the offense in an especially heinous, cruel, or depraved manner. Summerlin's conviction and sentence were final on direct review prior to *Ring* being decided. The question in *Summerlin* was whether *Ring* would be retroactively applicable.

In a 5 to 4 decision, the United States Supreme Court noted that the general rule is that new substantive rules are applied retroactively; new rules of procedure usually are applied prospectively. 542 U.S. at 351-52. The *Summerlin* Court rejected respondent's contention that the *Ring* rule is substantive rather than procedural. 542 U.S. at 353. It also rejected respondent's back-up contention that the *Ring* rule is a "watershed" procedural rule entitled to retroactive effect. In like manner, in *Whisler* this court agreed with the rationale of the majority of courts in concluding that the *Apprendi* rule "is not a watershed rule of criminal pro-

cedure that implicates the fundamental fairness of trial." 272 Kan. at 879.

Synoracki now urges this court to examine a particular aspect of the Supreme Court's language in *Summerlin* which he contends would lead this court to a different conclusion. In *Summerlin*, the Supreme Court held that the Sixth Amendment component of *Apprendi* did not apply to cases final on or before June 26, 2000, the filing date of the *Apprendi* decision. Synoracki now argues that proof beyond a reasonable doubt was not at issue in *Summerlin*; and therefore, the United States Supreme Court did not reach the question of whether *Apprendi's* due process component would be applied retroactively.

Synoracki asserts that in contrast to the Sixth Amendment's jury trial requirement, the Fourteenth Amendment's due process requirement of proof beyond a reasonable doubt must be applied retroactively due to "[t]he very reason given by the Court in [*Summerlin*] for not applying the Sixth Amendment component of *Apprendi* retroactively." According to Synoracki, the United States Supreme Court in *Summerlin* reasoned that judicial factfinding does not necessarily diminish accuracy so as to create an impermissible risk of punishing conduct the law does not reach.

In considering Summerlin's argument that *Ring* announced a watershed rule of criminal procedure and the reasons he offered why juries are more accurate factfinders than judges, the Supreme Court stated that the question was whether judicial factfinding so *seriously* diminishes accuracy that there is an impermissibly large risk of punishing conduct the law does not reach. 542 U.S. at 355-56. The Supreme Court concluded that "[t]he evidence is simply too equivocal to support that conclusion." 542 U.S. at 355-56. Synoracki asserts that question should be posed by this court to determine whether the due process component of *Apprendi* may be applied retroactively. The question raised, however, is specific to the Sixth Amendment right to a jury trial.

In *Whisler* this court thoroughly considered both components of the *Apprendi* rule and agreed with the majority of courts that the *Apprendi* rule was "not a watershed rule of criminal procedure that implicates the fundamental fairness of trial." 272 Kan. at 879.

The fact that only one of the components is implicated by a sentencing statute is not a reason for this court to divide its analysis in *Whisler* and to apply a Sixth Amendment right to a jury trial to the due process component.

Affirmed.