No. 110,421

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ROBERT L. VERGE,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

SYLLABUS BY THE COURT

Although *Alleyne v. United States*, 570 U.S. \_\_\_, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013), created a new constitutional rule requiring any fact that increases the penalty for a crime beyond the prescribed statutory minimum sentence be submitted to a jury, the rule does not apply retroactively to cases on collateral review.

Appeal from Dickinson District Court; BENJAMIN J. SEXTON, judge. Opinion filed July 18, 2014. Affirmed.

*Ralph J. De Zago*, of Herington, for appellant.

*Kristafer R. Ailslieger*, deputy solicitor general, for appellee.

Before ARNOLD-BURGER, P.J., BUSER and SCHROEDER, JJ.

ARNOLD-BURGER, J.:  In 1997, Robert L. Verge was convicted of capital murder, but the jury was unable to unanimously agree on the death penalty. Accordingly, under the statute in effect at the time, he was given a life sentence and the sentencing court was given the responsibility to determine if Verge was eligible for parole after serving the minimum 25 years or whether he was going to be required to serve 40 years in prison

1

before he could be considered for parole. K.S.A. 22-3717; K.S.A. 21-4635. The sentencing court determined that the mitigating factors present did not outweigh the aggravating factors, so it sentenced Verge to a life sentence without the possibility of parole for 40 years. *State v. Verge*, 272 Kan. 501, 519-20, 34 P.3d 449 (2001) (*Verge I*). Now, Verge appeals the summary dismissal of his third K.S.A. 60-1507 motion as successive and untimely claiming that the new rule established in *Alleyne v. United States*, 570 U.S. ___, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013), which mandates that only a jury could have found the aggravating factors necessary to enhance Verge's parole eligibility from 25 years to 40 years, is an intervening change in the law that requires his case to be remanded for resentencing. But Verge's case was final, having exhausted all direct appeals, when *Alleyne* was issued. Because we find that *Alleyne* does not apply retroactively to cases on collateral review, we affirm.

FACTUAL AND PROCEDURAL HISTORY

In November 1998, Verge was convicted of capital murder, aggravated robbery, aggravated burglary, and two counts of felony theft. He was sentenced by the court to life imprisonment with no chance of parole for 40 years on the capital murder conviction, which was upheld by our Supreme Court in *Verge I*, 272 Kan. 501.

In December 2002, Verge filed a motion to correct an illegal sentence, which the district court denied. This court construed Verge's motion as a K.S.A. 60-1507 motion and affirmed the district court's denial. *State v. Verge*, No. 92,562, 2005 WL 2076503 (Kan. App.) (unpublished opinion), *rev. denied* 280 Kan. 991 (2005).

In April 2010, Verge filed a second motion to correct an illegal sentence, which the district court construed as a K.S.A. 60-1507 motion and denied it as successive and untimely. Verge failed to docket his appeal from the district court's decision, and this court dismissed Verge's appeal.

On August 5, 2013, Verge filed his most recent K.S.A. 60-1507 motion alleging ineffective assistance of counsel throughout his trial and appeal; that his hard 40 sentence should have been put before a jury, relying on *Alleyne*; that he should have been allowed to voir dire the jury; and that the district court abused its discretion when it construed his motion to correct an illegal sentence as a habeas corpus motion.

The district court summarily dismissed Verge's K.S.A. 60-1507 motion as successive and untimely. The district court also found that no manifest injustice was shown through the facts presented by Verge.

Verge filed a timely notice of appeal.

ANALYSIS

When the district court summarily denies a K.S.A. 60-1507 motion, an appellate court conducts de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Edgar v. State*, 294 Kan. 828, 836, 283 P.3d 152 (2012).

The success of Verge's K.S.A. 60-1507 motion hinges on whether the recent United States Supreme Court case of *Alleyne* applies retroactively to Verge's case. If it does, then Verge's K.S.A 60-1507 is not considered successive because the case would constitute an intervening change in the law. See *Rowland v. State*, 289 Kan. 1076, 1087, 219 P.3d 1212 (2009). Likewise, it would not be subject to dismissal as untimely because it could be considered manifest injustice or patently unfair to deny Verge's claim when the law has changed and it is to be applied retroactively. K.S.A. 60-1507(f)(2); *Ludlow v. State*, 37 Kan. App. 2d 676, 686, 157 P.3d 631 (2007). If *Alleyne* does not apply retroactively to cases on collateral review, then there can be no doubt that Verge's motion is both successive and untimely (filed after June 30, 2004), and as such it was properly

3

denied. See *State v. Trotter*, 296 Kan. 898, 904, 295 P.3d 1039 (2013) (citing K.S.A. 60-1507[c]—sentencing court not required to entertain a second or successive motion for similar relief on behalf of the same prisoner); *Pabst v. State*, 287 Kan. 1, 22, 192 P.3d 630 (2008) (discussing time limits for K.S.A. 60-1507 actions when conviction occurred before 2003 statutory amendments). And, even if we were to consider Verge's motion to be a motion to correct an illegal sentence under K.S.A. 22-3504, which can be brought at any time, the success of the motion would still depend on whether *Alleyne* applies retroactively to cases that were already final at the time *Alleyne* was decided. If it does, he prevails. If it does not, his claim fails under any theory. Accordingly, we first examine the United States Supreme Court's decision in *Alleyne*.

*The Retroactive Application of* Apprendi *and* Alleyne *in General*

Our discussion of *Alleyne* must begin with the United States Supreme Court decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). There the Court examined a New Jersey hate crime statute that allowed the maximum sentence for a crime to be enhanced if the judge found by a preponderance of the evidence that the defendant acted to intimidate on the basis of race, color, gender, handicap, religion, sexual orientation, or ethnicity. The Supreme Court found that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory *maximum* must be submitted to a jury, and proved beyond a reasonable doubt." (Emphasis added.) 530 U.S. at 490. The Court found the statute to be invalid and vacated Apprendi's enhanced sentence. 530 U.S. at 497.

Our Supreme Court recognized the ruling from *Apprendi* in *State v. Gould*, 271 Kan. 394, 406, 23 P.3d 801 (2001). Because K.S.A. 21-4716(a) allowed the judge to enhance the presumptive sentence under the Kansas Sentencing Guidelines Act (KSGA), K.S.A. 21-4701 *et seq.*, upon a finding of certain aggravating factors, our court found the statute to be unconstitutional and vacated Gould's enhanced sentence, consistent with

4

*Apprendi*. *Gould*, 271 Kan. at 414. Our Supreme Court went on to find that the constitutional mandate of *Apprendi* was not retroactive. The court found that it would only apply to cases that were pending on direct appeal, were not yet final, or which arose after June 26, 2000 (the date of the *Apprendi* ruling). *Gould*, 271 Kan. at 414.

Just a few months later our Supreme Court was faced with the question of whether *Apprendi* applied retroactively to cases on collateral review. In *Whisler v. State*, 272 Kan. 864, 879, 36 P.3d 290 (2001), after a thorough review of the rules regarding retroactive application of legal decisions, the court found that *Apprendi* was "not a watershed rule of criminal procedure that implicates the fundamental fairness of trial" and, therefore, it did not apply retroactively to cases on collateral review.

Thirteen years later, the United States Supreme Court was faced with a similar issue, but this time as it related to the enhancement of a mandatory *minimum* sentence. In *Alleyne*, the United State Supreme Court extended *Apprendi* by holding that any fact that increases the mandatory *minimum* sentence is an element and must be submitted to a jury and found beyond a reasonable doubt. *Alleyne*, 133 S. Ct. at 2158.

The Kansas Supreme Court first addressed the application of *Alleyne* to the Kansas sentencing scheme in *State v. Soto*, 299 Kan. 102, 322 P.3d 334 (2014), a direct appeal. Soto was found guilty of first-degree premeditated murder. See K.S.A. 21-3401(a). According to the statutes in effect at the time of Soto's conviction, under K.S.A. 21-4635(b), Soto could either receive a mandatory sentence of 50 years or be "'sentenced as otherwise provided by law.'" 299 Kan. at 116. In determining the sentence, the court is to weigh aggravating circumstances (which are set out in K.S.A. 21-4636) against mitigating circumstances (set out in K.S.A. 21-4637) and if the mitigating circumstances do not outweigh the aggravating circumstances the defendant must be sentenced to 50 years without the possibility of parole, otherwise known as the "hard 50." K.S.A. 21-4635(d); K.S.A. 21-4638. Absent this enhancement, Soto would be subject to a life

5

sentence with the possibility of parole after 25 years. See K.S.A. 21-4706(c); K.S.A. 22-3717(b)(1). The district court weighed the aggravating and mitigating circumstances and sentenced Soto to the hard 50 sentence. Soto appealed.

The *Alleyne* decision was filed after briefing in *Soto*. But cognizant of *Alleyne*'s impact, the Kansas Supreme Court requested supplemental briefing to address its application to Soto's case. See *Soto*, 299 Kan. at 115. Subsequently, the Court found that the hard 50 sentencing scheme was contrary to the ruling in *Alleyne* and declared it unconstitutional "because it permits a judge to find by a preponderance of the evidence the existence of one or more aggravating factors necessary to impose an increased mandatory minimum sentence, rather than requiring a jury to find the existence of the aggravating factors beyond a reasonable doubt." *Soto*, 299 Kan. at 124. The court vacated Soto's sentence and remanded the case for resentencing.

Accordingly, in *Soto* and several cases decided after *Soto*, the Kansas Supreme Court has clearly applied the procedural rule announced in the *Alleyne* decision to cases pending on direct appeal at the time the *Alleyne* decision was filed. See *State v. Lloyd*, 299 Kan. ___, 325 P.3d 1122, 2014 WL 2434632 (No. 104,392, filed May 30, 2014); *State v. Astorga*, 299 Kan. ___, 324 P.3d 1046, 2014 WL 2155269 (2014); *State v. DeAnda*, 299 Kan. ___, 324 P.3d 1115, 2014 WL 2155364 (2014); *State v. Hilt*, 299 Kan. 176, 322 P.3d 367 (2014). This brings us to the real issue in this case: whether the rule announced in the *Alleyne* decision applies retroactively to cases that are already final but before the court on collateral review.

*The Retroactive Application of* Alleyne *in Cases on Collateral Review*

To reiterate, in order to avoid a determination that Verge's K.S.A. 60-1507 motion is successive and untimely, he first needs to show that *Alleyne* would constitute an

6

intervening change in the law. That is not difficult. As our Supreme Court pointed out in *Soto*:

> "In sum, before *Alleyne,* the United States Supreme Court held that any additional facts necessary to increase the punishment for a crime beyond the *maximum* punishment a judge could impose based solely on the facts reflected in the jury verdict or admitted by the defendant must be submitted to a jury and proven beyond a reasonable doubt. In contrast, additional facts necessary to increase the mandatory *minimum* sentence were merely sentencing factors that could be found by a judge rather than a jury." *Soto*, 299 Kan. at 119.

The court indicated that *Alleyne* "changed [the] landscape." *Soto*, 299 Kan. at 120. The court cited a litany of cases in which it had upheld the hard 40/50 sentencing scheme based on pre-*Alleyne* United States Supreme Court precedent. *Soto*, 299 Kan. at 119-20. The Tenth Circuit Court of Appeals has also determined that *Alleyne* does create "'a new rule of constitutional law.'" *In re Payne*, 733 F.3d 1027, 1029 (10th Cir. 2013).

However, the inquiry does not end there. Even though *Alleyne* is an intervening change in the law, it still needs to be determined whether *Alleyne* would apply retroactively to Verge's case, a *collateral* action. The general rule is that "new law will not be applied to cases on collateral attack." *Drach v. Bruce*, 281 Kan. 1058, Syl. ¶ 8, 136 P.3d 390 (2006), *cert. denied* 549 U.S. 1278 (2007). But neither the United States Supreme Court, nor the Kansas Supreme Court has specifically addressed this issue as it relates to the *Alleyne* decision. Several Circuit Courts of Appeal, including the Second, Fourth, Seventh, and Tenth Circuits, have determined that *Alleyne*, as an extension of *Apprendi*, does not apply retroactively in collateral appeals. However, we are compelled to take note of the fact these courts base their analysis on the language of 28 U.S.C. § 2255(h)(2), which specifically mandates that newly recognized rights be specifically made applicable retroactively by the Supreme Court to cases on collateral review before a movant can overcome any claims of successiveness in a federal habeas corpus action.

7

*Payne*, 733 F.3d at 1029; *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013); *United States v. Redd*, 735 F.3d 88, 91-92 (2d Cir. 2013); *United States v. Stewart*, 540 Fed. Appx. 171 n. (4th Cir. 2013). Ohio has followed the federal lead because it has a statute very similar to 28 U.S.C. § 2255. See *State v. Lewis*, 2014 Ohio 2224, __ N.E.2d __, 2014 WL 2192147 (Ohio App.) (relying on Ohio Rev. Code Ann. § 2953.23[A][1][a]).

Kansas does not have a similar statute. Our statute does not specifically refer to changes in the law as a basis for allowing successive or untimely motions for postconviction relief. Instead, the statute allows the 1-year time limitation to be disregarded to prevent "manifest injustice." K.S.A. 60-1507(f)(2). In addition, our courts have interpreted the prohibition against successive motions to be disregarded only in cases of "exceptional circumstances." Such exceptional circumstances have been interpreted to include an intervening change in the law. See Supreme Court Rule 183(c)(3) (2013 Kan. Ct. R. Annot. 278); *Rowland*, 289 Kan. at 1087.

Even though Kansas does not have the same federal statutory language, our Supreme Court has made it clear, consistent with rulings from the United States Supreme Court, that "[a] new constitutional rule of *criminal procedure* generally will not be applied retroactively to cases on collateral review." (Emphasis added.) *State v. Neer*, 247 Kan. 137, Syl. ¶ 3, 795 P.2d 362 (1990). In *Whisler*, the Kansas Supreme Court noted that "the *Apprendi* rule (along with nearly all ground-breaking constitutional rules from the last 50 years) are matters of criminal procedure." 272 Kan. at 878. However, there are certain exceptions to this rule.

In both *Neer* and *Whisler* our Supreme Court quoted with approval *Teague v. Lane*, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989), which analyzed which types of new constitutional rules may be applied retroactively to cases on collateral review and concluded that only two types of constitutional rules implicate retroactivity:

(1) rules that place certain kinds of primary, private individual conduct beyond the power of the criminal lawmaking authority to proscribe, or (2) rules that require the observance of those procedures that are implicit in the concept of ordered liberty. *Teague*, 489 U.S. at 307; *Whisler*, 272 Kan. at 870; *Neer*, 247 Kan. 137, Syl. ¶ 3. In *Whisler*, our Supreme Court found that neither of these exceptions applied to the new constitutional rule of criminal procedure announced in *Apprendi*. 272 Kan. at 879.

*Alleyne* is an extension of *Apprendi.* The United States Supreme Court has decided that other rules based on *Apprendi* do not apply retroactively on collateral review. See *Schriro v. Summerlin*, 542 U.S. 348, 358, 124 S. Ct. 2519, 159 L. Ed. 2d 442 (2004) (finding that *Ring v. Arizona*, 536 U.S. 584, 122 S. Ct. 2428, 153 L. Ed. 2d 556 [2002], which held Arizona's death penalty sentencing scheme unconstitutional in light of *Apprendi*, did not apply retroactively to cases already final on direct review). This implies that the United States Supreme Court will not declare *Alleyne* to be retroactive to cases that are already final on direct review. Likewise, our Supreme Court has found that *Apprendi* does not apply retroactively to cases on collateral review. We can find nothing that distinguishes this case from *Apprendi* and the analysis in *Whisler* when it comes to retroactivity.

In conclusion, although *Alleyne* created a new constitutional rule, we find that it does not apply retroactively to cases before the court on collateral review. Accordingly, the district court did not err when it summarily dismissed Verge's K.S.A. 60-1507 action.

*The Retroactive Application of* Alleyne *in a Motion to Correct Illegal Sentence*

Even if we were to liberally construe Verge's pro se K.S.A. 60-1507 motion to be a motion to correct an illegal sentence under K.S.A. 22-3504, it still fails. See *State v. Kelly*, 291 Kan. 563, 565, 244 P.3d 639 (2010) (pro se pleadings liberally construed and failure to cite the correct statutory grounds for claim immaterial).

Determining whether a sentence is illegal is a question of law over which this court has unlimited review. *State v. Neal*, 292 Kan. 625, 630, 258 P.3d 365 (2011). A motion to correct an illegal sentence may be raised at any time. 292 Kan. at 631. An "illegal" sentence, as contemplated by K.S.A. 22-3504, is a sentence imposed by a court without jurisdiction; a sentence which does not conform to the statutory provision, either in the character or the term of the punishment authorized; or a sentence which is ambiguous with respect to the time and manner in which it is to be served. 292 Kan. at 630. The Kansas Supreme Court has repeatedly held that K.S.A. 22-3504 has very limited applicability. *Makthepharak v. State*, 298 Kan. 573, 581, 314 P.3d 876 (2013). A sentence is illegal only if it fits within the definition. "Because the definition of an illegal sentence does not include a claim that the sentence violates a constitutional provision, a defendant may not file a motion to correct an illegal sentence based on constitutional challenges to his or her sentence." *State v. Mitchell*, 284 Kan. 374, 377, 162 P.3d 18 (2007) (citing *State v. Gayden*, 281 Kan. 290, 293, 130 P.3d 108 [2006]); see also *State v. Payton*, No. 98,756, 2008 WL 4471901, at *4 (Kan. App. 2008) (unpublished opinion) (motion to correct illegal sentence based on *Apprendi* improper constitutional challenge to sentence), *rev. denied* 288 Kan. 835 (2009). Similarly, Verge's constitutional challenge based upon *Alleyne* would also fail.

Moreover, as already discussed, our Supreme Court has made clear that the procedural sentencing rule outlined in *Apprendi* only applies to cases that were not final at the time *Apprendi* was decided. In *State v. Synoracki*, 280 Kan. 934, 935, 126 P.3d 1121 (2006), our Supreme Court relied on the rule enunciated in *Whisler*, when denying a motion to correct an illegal sentence based on a case that was final several years before *Apprendi* was decided. Again, *Alleyne* is simply an extension of *Apprendi*, and we can conceive of no reason why the same rule would not apply.

Affirmed.