NOT DESIGNATED FOR PUBLICATION

No. 113,357

IN THE SUPREME COURT OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DAMON VONTRESS,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed May 12, 2017. Judgment of the district court is affirmed.

*Michael P. Whalen*, of Law Office of Michael P. Whalen, of Wichita, was on the brief for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney and *Derek Schmidt*, attorney general, were on the brief for appellee.

*Per Curiam:* Damon Vontress appeals the district court's denial of his motion in which he argued that *Alleyne v. United States*, 570 U.S. ___, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013), renders his judicially enhanced life sentence unconstitutional, and therefore illegal. In denying Vontress' motion, the district court analyzed whether the holding in *Alleyne* could be retroactively applied to Vontress by construing his pleading as a K.S.A. 60-1507 motion. Using the prospective-only application of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), as an analogy, the

1

district court held that *Alleyne* could not be retroactively applied and, consequently, Vontress could not obtain relief in a 60-1507 collateral attack. We affirm.

FACTUAL AND PROCEDURAL OVERVIEW

Vontress was convicted in 1996 of premeditated first-degree murder, aggravated robbery, aggravated battery, and criminal possession of a firearm. He was sentenced to an imprisonment term of life without possibility of parole for 40 years (hard 40 life sentence) for the first-degree murder conviction, with consecutive prison sentences of 78 months, 41 months, and 8 months, respectively, for the remaining convictions. His conviction for aggravated battery was reversed on direct appeal, and his remaining convictions and sentences were affirmed. *State v. Vontress*, 266 Kan. 248, 257, 264, 970 P.2d 42 (1998).

A K.S.A. 60-1507 motion followed in 2008, which was denied by the district court and affirmed by the Kansas Court of Appeals. *Vontress v. State*, 45 Kan. App. 2d 430, 433, 249 P.3d 452 (2011). This court granted review and similarly affirmed. *Vontress v. State*, 299 Kan. 607, 619, 325 P.3d 1114 (2014).

The current action began when, in 2015, Vontress, without citing any statutory authority, filed a "Motion and Memorandum to Retroactively Apply the *Alleyne* Ruling to Mr. Vontress' Hard 40 Sentence." The district court, at Vontress' suggestion, held a joint hearing on his motion and a similar motion filed in *State v. Barnes,* No. 113,356, this day decided (unpublished opinion). The parties agreed to have the district court analyze the merits of Vontress' motion under K.S.A. 60-1507.

After hearing arguments, the district court ruled it lacked jurisdiction to consider Vontress' claim under K.S.A. 22-3504 (correction of illegal sentence); Vontress had not

2

demonstrated manifest injustice to avoid dismissal of a K.S.A. 60-1507 motion as untimely; and that even if it considered the merits of Vontress' 60-1507 motion, *Alleyne* did not apply to Vontress. In denying Vontress' 60-1507 motion, the district court's minute sheet adopted the State's response. Specifically, the district court relied on the reasoning of the Kansas Court of Appeals panel in *Verge v. State*, 50 Kan. App. 2d 591, 335 P.3d 679 (2014), *rev. denied* 302 Kan. 1022 (2015). *Verge* analogized *Alleyne* to *Apprendi*, which is not retroactively applicable to a defendant through a collateral attack pursuant to K.S.A. 60-1507. 50 Kan. App. 2d at 593-94. Accordingly, the panel held that *Alleyne* cannot be retroactively applicable to cases that were final when the decision was released. 50 Kan. App. 2d at 598. The district court made no findings as to whether Vontress provided exceptional circumstances that would justify a successive 60-1507 motion.

Vontress timely appeals. He argues that because his hard 40 life sentence was the product of judicial fact-finding found to be unconstitutional by *Alleyne*, his attack on his sentence should be allowed under the manifest injustice exception for untimely 60-1507 motions. Our determination on retroactivity in *State v. Kirtdoll*, 306 Kan. ___, ___ P.3d ___ (No. 114,465, this day decided), resolves this issue.

JURISDICTION

As a preliminary matter, we briefly discuss our jurisdiction to hear this case in the first instance. *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 916, 296 P.3d 1106 (2013) (appellate court has duty to question jurisdiction on its own initiative). A ruling on a motion to correct an illegal sentence, where the sentence imposed for a homicide is imprisonment for life, is directly appealable to this court. K.S.A. 2016 Supp. 22-3601(b)(3). In contrast, the initial appeal of a district court's ruling on a K.S.A. 60-1507 motion goes to the Court of Appeals. K.S.A. 2016 Supp. 60-

3

1507(d). While this case was not filed under either statutory authority, it was construed as a 60-1507 motion, and should have been appealed first to the Court of Appeals. But, as a matter of judicial economy, we will consider this appeal as having been transferred to this court, on our own motion. See K.S.A. 20-3018(c) (Supreme Court can transfer case from Court of Appeals on its own motion). In other words, we will dispose of the matter before us.

### RETROACTIVE APPLICATION OF *ALLEYNE* HOLDING TO FINAL CASES

In *Kirtdoll*, 306 Kan. at ____, slip op. at 8, we held that the rule of law established by *Alleyne* cannot be applied retroactively via a K.S.A. 60-1507 motion to invalidate sentences in cases that were final when *Alleyne* was decided. We noted that the holding in *Alleyne*, like the *Apprendi* decision from which it derived, was not considered a new watershed rule of constitutional criminal procedure that would fit within an exception to the general rule against retroactively applying new rules of law on collateral review. *Kirtdoll*, 306 Kan. at ____, slip op. at 7-8; see *Teague v. Lane*, 489 U.S. 288, 311-13, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989) (establishing the exceptions permitting retroactive application of new rules of law). Consequently, Kirtdoll could not obtain relief from his hard 50 life sentence.

Vontress' circumstances mirror those of Kirtdoll. His case was final when *Alleyne* was decided; he cannot take advantage of *Alleyne*'s new rule of law; and he cannot get relief from his hard 40 life sentence. The district court's summary denial of Vontress' 60-1507 motion is affirmed.

Affirmed.