NOT DESIGNATED FOR PUBLICATION

No. 113,356

IN THE SUPREME COURT OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

GORDON R. BARNES,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed May 12, 2017. Judgment of the district court is affirmed.

*Michael P. Whalen*, of Law Office of Michael P. Whalen, of Wichita, was on the brief for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett,* district attorney, and *Derek Schmidt,* attorney general, were on the brief for appellee.

*Per Curiam:* Gordon R. Barnes appeals the district court's denial of his motion in which he argued that *Alleyne v. United States*, 570 U.S. ___, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013), renders his judicially enhanced life sentence unconstitutional, and therefore illegal. In denying Barnes' motion, the district court analyzed whether the holding in *Alleyne* could be retroactively applied to Barnes by construing his pleading as

1

a K.S.A. 60-1507 motion. Using the prospective-only application of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), as an analogy, the district court held that *Alleyne* could not be retroactively applied and, consequently, Barnes could not obtain relief in a 60-1507 collateral attack. We affirm.

FACTUAL AND PROCEDURAL OVERVIEW

Barnes was convicted in 1996 of premediated first-degree murder and aggravated kidnapping. On the murder conviction, the district court sentenced Barnes to a prison term of life without possibility of parole for 40 years (hard 40 life sentence) under a statutory scheme that required judicial fact-finding. He also received a consecutive term of imprisonment for the aggravated kidnapping conviction. His convictions and sentences were affirmed on direct appeal. *State v. Barnes*, 263 Kan. 249, 948 P.2d 627 (1997) (*Barnes I*).

A pro se motion to correct an illegal sentence followed in 2013, which the district court denied and this court, in an unpublished disposition, affirmed. *State v. Barnes*, No. 111,843, 2016 WL 528045 (Kan. 2016) (unpublished opinion) (*Barnes II*). In doing so, we rejected Barnes' contention that his motion should have been liberally construed as a K.S.A. 60-1507 motion. 2016 WL 528045, at *3. However, we stated that even if the motion were construed as a K.S.A. 60-1507 motion it would be denied as untimely under K.S.A. 60-1507(f). 2016 WL 528045, at *4. We further noted, "Even now, Barnes proffers no reason why the 60-1507(f) time limitation should be extended, and we can discern no such manifest injustice." 2016 WL 528045, at *4.

The current appeal arises from a 2015 pleading, entitled "Motion and Memorandum to Retroactively Apply the *Alleyne* Ruling to Mr. Barnes' Hard 40 Sentence," which did not recite the statutory authority under which it was being filed.

2

The *Barnes II* motion to correct an illegal sentence was still pending at that time. The district court, at the suggestion of Barnes' attorney, held a joint hearing on his motion with a similar motion filed in *State v. Vontress,* No. 113,357, this day decided (unpublished opinion). The parties agreed to have the district court analyze the merits of the motions under K.S.A. 60-1507.

After hearing arguments, the district court ruled that it lacked jurisdiction to consider Barnes' claim under K.S.A. 22-3504 (correction of illegal sentence); that Barnes had not demonstrated manifest injustice to avoid dismissal of a K.S.A. 60-1507 motion as untimely; and that even if it considered the merits of Barnes' 60-1507 motion, *Alleyne* did not apply retroactively to Barnes' sentence. In denying Barnes' 60-1507 motion, the district court's minute sheet simply adopted the State's response, which had relied on the reasoning of the Kansas Court of Appeals panel in *Verge v. State*, 50 Kan. App. 2d 591, 335 P.3d 679 (2014), *rev. denied* 302 Kan. 1022 (2015). *Verge* analogized *Alleyne* to *Apprendi*, which this court had previously found was not retroactively applicable to a defendant through a collateral attack pursuant to K.S.A. 60-1507. 50 Kan. App. 2d at 593-94; see *Whisler v. State*, 272 Kan. 864, 879, 36 P.3d 290 (2001) (*Apprendi* not a watershed rule that can be applied retroactively), *cert. denied* 535 U.S. 1066 (2002).

Barnes timely appeals, arguing that because his hard 40 life sentence was the product of judicial fact-finding found to be unconstitutional by *Alleyne*, his attack on his sentence should be allowed under the manifest injustice exception for untimely 60-1507 motions. Our determination on retroactivity in *State v. Kirtdoll*, 306 Kan. ___, ___ P.3d ___ (No. 114,465, this day decided), resolves this issue.

3

As a preliminary matter, we briefly discuss our jurisdiction to hear this case in the first instance. *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 916, 296 P.3d 1106 (2013) (appellate court has duty to question jurisdiction on its own initiative). A ruling on a motion to correct an illegal sentence, where the sentence imposed for a homicide is imprisonment for life, is directly appealable to this court. K.S.A. 2016 Supp. 22-3601(b)(3). In contrast, the initial appeal of a district court's ruling on a K.S.A. 60-1507 motion goes to the Court of Appeals. K.S.A. 2016 Supp. 60-1507(d). While the motion did not designate either statutory authority, it was construed as a 60-1507 motion. Consequently, the first appeal should have been to the Court of Appeals. But, as a matter of judicial economy, we will consider this appeal as having been transferred to this court, on our own motion. See K.S.A. 20-3018(c) (Supreme Court can transfer case from Court of Appeals on its own motion). In other words, we will dispose of the matter before us.

## RETROACTIVE APPLICATION OF *ALLEYNE* HOLDING TO FINAL CASES

In *Kirtdoll*, 306 Kan. at ____, slip op. at 8, we held that the rule of law established by *Alleyne* cannot be applied retroactively via a K.S.A. 60-1507 motion to invalidate sentences in cases that were final when *Alleyne* was decided. We noted that the holding in *Alleyne*, like the *Apprendi* decision from which it derived, was not considered a new watershed rule of constitutional criminal procedure that would fit within an exception to the general rule against retroactively applying new rules of law on collateral review. *Kirtdoll*, 306 Kan. at ____, slip op. at 7-8; see *Teague v. Lane*, 489 U.S. 288, 311-13, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989) (establishing the exceptions permitting retroactive

application of new rules of law). Consequently, Kirtdoll could not obtain relief from his hard 50 life sentence.

Barnes' circumstances mirror those of Kirtdoll. His case was final when *Alleyne* was decided; he cannot take advantage of *Alleyne*'s new rule of law; and he cannot get relief from his hard 40 life sentence through a collateral attack. The district court's summary denial of Barnes' 60-1507 motion is affirmed.

Affirmed.