IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 116,408

STATE OF KANSAS,
*Appellee*,

v.

WILLIAM D. ALBRIGHT,
*Appellant*.

SYLLABUS BY THE COURT

1.

Because the definition of an illegal sentence does not include a claim that the sentence violates a constitutional provision, a party cannot use a motion to correct an illegal sentence under K.S.A. 22-3504 to seek relief based on the constitutional holding in *Alleyne v. United States*, 570 U.S. 99, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013).

2.

The change in the law effected by *Alleyne v. United States*, 570 U.S. 99, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013), cannot provide the manifest injustice necessary to excuse the untimeliness of a 60-1507 motion.

3.

The change in the law effected by *Alleyne v. United States*, 570 U.S. 99, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013), cannot be applied retroactively to cases that were final when *Alleyne* was decided.

Appeal from Kingman District Court; LARRY T. SOLOMON, judge. Opinion filed February 2, 2018. Affirmed.

1

*Christina M. Kerls*, of Kansas Appellate Defender Office, was on the brief for appellant.

*Kristafer R. Ailslieger*, deputy solicitor general, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

ROSEN, J.: William Albright appeals the district court's denial of his "motion for resentencing." In his motion, Albright argued that *Alleyne v. United States*, 570 U.S. 99, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013), renders his hard 40 sentence unconstitutional. The district court construed Albright's "motion for resentencing" as a collateral challenge under K.S.A. 60-1507 and concluded that Albright was not entitled to relief because *Alleyne* cannot be applied retroactively to a sentence that was final when *Alleyne* was decided. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 11, 1999, a jury convicted Albright of first-degree murder. The district court sentenced Albright to life in prison with no possibility of parole for 40 years. On June 1, 2001, this court affirmed that sentence. *State v. Albright*, 271 Kan. 546, 24 P.3d 103 (2001).

On March 25, 2002, Albright filed a K.S.A. 60-1507 motion alleging ineffective assistance of trial counsel. The district court denied the motion, but the Court of Appeals reversed and remanded Albright's case for a new trial. *State v. Albright*, No. 90,216, 2004 WL 1041350 (Kan. App.) (unpublished opinion), *rev. denied* 278 Kan. 843 (2004). At the second trial, a jury again convicted Albright of first-degree murder.

2

After Albright was convicted at the second trial, but before sentencing, Albright filed a motion to find the hard 40 sentencing scheme unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). On March 28, 2005, the district court denied the motion and again sentenced Albright to life in prison with no possibility of parole for 40 years. The hard 40 was imposed as a result of judicial fact-finding. Albright's seemingly clairvoyant talents did not result in relief. On March 16, 2007, this court affirmed Albright's conviction and sentence after observing that judicial fact-finding does not bring the imposition of a hard 40 sentence into conflict with *Apprendi*. *State v. Albright*, 283 Kan. 418, 425, 153 P.3d 497 (2007).

On March 10, 2016, Albright filed a "motion for resentencing on a Hard 40 Sentence" asserting that his sentence was unconstitutional pursuant to *Alleyne v. United States*, 570 U.S. 99, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013). The district court denied relief. Albright appealed to this court. On appeal, Albright argues that, under *Alleyne*, his hard 40 life sentence is unconstitutional because it is the result of judicial fact-finding.

ANALYSIS

In his "motion for resentencing," Albright argued to the district court that his sentence was unconstitutional under *Alleyne*. The State contended there was no legal authority for Albright's "motion for resentencing," and the district court therefore should construe it as a motion to correct an illegal sentence. Because Albright challenged his sentence on constitutional grounds, and this court has held that a motion to correct an illegal sentence is an improper vehicle for challenging the constitutionality of a sentence, the State argued that Albright's motion should be dismissed.

The district court instead opted to view Albright's motion as a collateral challenge to his sentence and reach the merits of Albright's claims. The district court then

3

concluded that Albright was not entitled to relief because in *Verge v. State*, 50 Kan. App. 2d 591, 335 P.3d 679 (2014), the Court of Appeals conclusively decided the issue when it held that *Alleyne* cannot be applied retroactively.

On appeal, Albright argues that the district court was correct when it construed his motion as a collateral attack under K.S.A. 60-1507(b). However, Albright contends that the district court should have granted his motion because, under *Alleyne*, his sentence is unconstitutional. He contends that the Kansas Court of Appeals cases that have held otherwise were wrongly decided.

The State responds that, whether Albright's motion was viewed "as either a motion to correct an illegal sentence under K.S.A. 22-3504, or as a motion for post-conviction relief under K.S.A. 60-1507," the district court should have dismissed his claim on procedural grounds. In the alternative, the State argues that Albright is not entitled to relief because this court held in *Kirtdoll v. State*, 306 Kan. 335, 393 P.3d 1053 (2017), that *Alleyne* does not apply retroactively.

We conclude that, whether Albright's pleading is construed as a motion to correct an illegal sentence, or a collateral attack under K.S.A. 60-1507(b), he is not entitled to relief.

This appeal concerns whether the district court correctly construed Albright's pro se pleading, whether it correctly interpreted statutory provisions, and whether it erred when it denied postconviction relief based on the legal conclusion that a change in law did not apply retroactively. Therefore, our review is de novo. See *State v. Gilbert*, 299 Kan. 797, 802, 326 P.3d 1060 (2014) ("Whether the district court correctly construed a pro se pleading is a question of law subject to unlimited review."); *State v. Eddy*, 299 Kan. 29, 32, 321 P.3d 12 (2014) (interpretation of a statute is a question of law over

which appellate courts have unlimited review); *State v. Adams*, 297 Kan. 665, 669, 304 P.3d 311 (2013) (legal conclusions regarding K.S.A. 60-1507 motion are reviewed de novo).

K.S.A. 2017 Supp. 22-3504 provides that an illegal sentence is one that is imposed by a court without jurisdiction, does not conform to the statutory provision, or is ambiguous with respect to the time and manner in which it is to be served. Recently, in *State v. Brown*, we held that "because the definition of an illegal sentence does not include a claim that the sentence violates a constitutional provision, a defendant cannot use a motion to correct an illegal sentence under K.S.A. 22-3504 to seek relief based on the constitutional holding in *Alleyne*." 306 Kan. 330, 332, 393 P.3d 1049 (2017).

K.S.A. 60-1507 provides an avenue for a prisoner to collaterally attack his or her sentence. However, K.S.A. 60-1507(f) requires that any action under the statute be brought within one year and allows for an extension of the time limitation only "to prevent manifest injustice." K.S.A. 60-1507(f)(2). We recently held that "*Alleyne*'s prospective-only change in the law cannot provide the exceptional circumstances that would justify a successive 60-1507 motion or the manifest injustice necessary to excuse the untimeliness of a 60-1507 motion." *Kirtdoll*, 306 Kan. at 341.

Whether the district court correctly construed Albright's pleading as collateral attack, or whether it should have characterized it as a motion to correct an illegal sentence is of no consequence. Either way, Albright is not entitled to relief. Because Albright challenges the constitutionality of his sentence, a motion to correct an illegal sentence cannot provide the relief he seeks. Because he filed the pleading well after the one-year time limitation and an *Alleyne*-based challenge does not satisfy the manifest injustice exception, Albright cannot collaterally attack his sentence under K.S.A. 60-1507.

5

Finally, we note that, even if we were to reach the merits of Albright's claim, he would still not be entitled to relief. We recently concluded that *Alleyne* cannot be applied retroactively to cases that were final when *Alleyne* was decided. *Kirtdoll*, 306 Kan. at 341.

Albright was sentenced on March 28, 2005. His case was final when this court affirmed that sentence on March 16, 2007. *Alleyne* was decided in 2013. Therefore, *Alleyne* does not render Albright's sentence unconstitutional.

The judgment of the district court is affirmed.