NOT DESIGNATED FOR PUBLICATION

No. 121,299

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROBERT L. VERGE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Dickinson District Court; BENJAMIN J. SEXTON, judge. Opinion filed January 29, 2021. Affirmed.

*Robert L. Verge*, appellant pro se.

*Kristafer R. Ailslieger*, deputy solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., HILL and BUSER, JJ.

PER CURIAM: Robert L. Verge filed a motion to modify sentence contending he is entitled to a modification of his hard 40 life sentence. The district court construed the pleading as a K.S.A. 60-1507 motion and summarily denied relief because the motion was untimely and successive.

Upon our review, we find the district court did not err in construing Verge's pleading as a K.S.A. 60-1507 motion instead of a motion under K.S.A. 21-4639 (now K.S.A. 2019 21-6628[c]). Additionally, we find no error in the district court's judgment

that the K.S.A. 60-1507 motion was untimely and successive because it has been 19 years since our Supreme Court issued its mandate in Verge's direct appeal, and this is his fifth motion for postconviction relief seeking to challenge his sentence. Accordingly, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On November 11, 1998, Verge was convicted of capital murder, aggravated robbery, aggravated burglary, and two counts of felony theft. The facts underlying his convictions are summarized in our Supreme Court's opinion in *State v. Verge*, 272 Kan. 501, 502-04, 34 P.3d 449 (2001) (*Verge I*). The jury declined to assess the death penalty, and the district court sentenced Verge to a hard 40 life sentence on the murder charge in accord with K.S.A. 21-4635. Regarding the remaining convictions, the district court imposed upward dispositional departure sentences and ordered the sentences run consecutive to the hard 40 life sentence. 272 Kan. at 504.

On direct appeal, our Supreme Court affirmed Verge's convictions and hard 40 sentence but vacated the remaining sentences and remanded for resentencing because the sentences were imposed under an unconstitutional, upward durational departure sentencing scheme. 272 Kan. at 518. See *State v. Gould*, 271 Kan. 394, 23 P.3d 801 (2001) (holding the upward durational departure procedure under K.S.A. 21-4716 [repealed and replaced by K.S.A. 2019 Supp. 21-6815] was unconstitutional because it violated due process). On remand, the district court resentenced Verge to 117 months' imprisonment to run consecutive to his life sentence.

Over the ensuing years, Verge filed several postconviction motions for relief—all of which the Kansas district courts construed as K.S.A. 60-1507 motions:

2

- In 2002, Verge moved to correct an illegal sentence which the district court denied. On appeal, our court noted that "[t]he parties agree Verge's motion to correct an illegal sentence is more properly construed as a K.S.A. 60-1507 motion." *State v. Verge*, No. 92,562, 2005 WL 2076503, at *2 (Kan. App. 2005) (unpublished opinion) (*Verge II*). Our court construed Verge's motion as a K.S.A. 60-1507 motion and denied relief because Verge did not meet his burden of proof. 2005 WL 2076503, at *3.

- In 2006, Verge filed a federal habeas corpus action under 28 U.S.C. § 2254, which was dismissed as untimely. *Verge v. McKune*, No. 06-3148-SAC, 2006 WL 2224792, at *2 (D. Kan. 2016) (unpublished opinion) (*Verge III*).

- In 2010, Verge filed another motion to correct an illegal sentence, which the district court construed as a K.S.A. 60-1507 motion and denied because it was successive and untimely. Verge did not docket his appeal from this decision and our court dismissed the appeal. *Verge v. State*, 50 Kan. App. 2d 591, 592, 335 P.3d 679 (2014) (*Verge IV*) (detailing Verge's procedural history).

- In 2013, Verge filed his third motion to correct an illegal sentence, which the district court again construed as a K.S.A. 60-1507 motion and summarily denied as untimely and successive. 50 Kan. App. at 592. On appeal, our court rejected Verge's arguments and held that he was not entitled to relief because the caselaw on which he relied "does not apply retroactively to cases before the court on collateral review." 50 Kan. App. 2d at 598. See *Alleyne v. United States*, 570 U.S. 99, 108, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013) (holding any fact that increases the mandatory minimum sentence is an element that must be submitted to a jury and found beyond a reasonable doubt).

On November 30, 2017, Verge filed his fifth motion for postconviction relief—which is the motion before our court on appeal—arguing that he is entitled to a sentence modification based on our Supreme Court's decision in *State v. Soto*, 299 Kan. 102, 124, 322 P.3d 334 (2014). In *Soto*, our Supreme Court found Kansas' hard 50 sentencing

procedures under K.S.A. 21-4635 to be unconstitutional. In response to Verge's motion, the State contended that Verge's motion should be construed as a K.S.A. 60-1507 motion and denied because it was untimely and successive.

The district court held a hearing on the motion, ruled that it should be treated as a K.S.A. 60-1507 motion, and summarily denied it as untimely and successive. The district court also considered the merits of the motion, however, ruling that Verge was not entitled to relief because

> "Verge's Hard 40 sentence became final long before the *Alleyne* and *Soto* decisions [were] issued. Any retroactive application of *Alleyne* or *Soto* to modify his sentence would directly contradict the Kansas Supreme Court's declaration that, 'The rule of law declared in *Alleyne* . . . cannot be applied retroactively to invalidate a sentence that was final when the *Alleyne* decision was released.'"

The district court cited *Kirtdoll v. State*, 306 Kan. 335, Syl. ¶ 1, 393 P.3d 1053 (2017).

Verge appeals pro se.

## ANALYSIS

On appeal, Verge contends the district court abused its discretion in denying his motion to modify sentence. Verge argues that the district court erred because there "was a misapprehension of [his] position, the facts and the law." In response, the State argues that the district court properly construed Verge's motion as a K.S.A. 60-1507 motion and did not err in denying relief.

At the outset, Verge does not challenge the district court's primary ruling that his pleading should be construed as a K.S.A. 60-1507 motion which is procedurally barred because it was untimely and successive. The State encourages our court to affirm the

district court's decision "simply on the fact that Verge does not address this basis of the district court's denial of his motion." Instead, Verge challenges the district court's alternative finding denying the motion on its merits.

Under Kansas law, when a district court provides alternative grounds to support its ultimate ruling on an issue and an appellant fails to challenge the validity of both alternative grounds on appeal, an appellate court may decline to address the appellant's challenge to the district court's ruling. *State v. Novotny*, 297 Kan. 1174, 1180, 307 P.3d 1278 (2013) ("Consequently, even if we were to reverse the district court's [primary ruling], the district court's unchallenged, alternative ruling would stand.").

Verge has waived his appeal by failing to brief the district court's primary ruling that his K.S.A. 60-1507 motion should be denied because it is untimely and successive. For the sake of completeness, however, we will address the merits of the argument that Verge does brief, in addition to the district court's ruling that his K.S.A. 60-1507 motion was untimely and successive.

*Whether K.S.A. 2019 Supp. 22-6628(c) or K.S.A. 60-1507 Provides a Procedural Pathway for Verge's Claim*

In postconviction proceedings seeking sentence modification, "there must be a procedural vehicle for presenting the argument to the court." *State v. Trotter*, 296 Kan. 898, 905, 295 P.3d 1039 (2013). Motions for sentence modification should be dismissed for lack of jurisdiction unless there is statutory language authorizing the specific requested relief. *State v. Anthony*, 274 Kan. 998, 1002, 58 P.3d 742 (2002). Statutory interpretation presents a question of law over which appellate courts have unlimited review. *State v. Alvarez*, 309 Kan. 203, 205, 432 P.3d 1015 (2019).

Verge contends K.S.A. 21-4639, now K.S.A. 2019 Supp. 21-6628(c), provides the procedural vehicle to present his argument to the court. The statute provides:

"(a) In the event the term of imprisonment for life without the possibility of parole or any provision of K.S.A. 2019 Supp. 21-6626 or 21-6627, and amendments thereto, authorizing such term is held to be unconstitutional by the supreme court of Kansas or the United States supreme court, the court having jurisdiction over a person previously sentenced shall cause such person to be brought before the court and shall modify the sentence to require no term of imprisonment for life without the possibility of parole and shall sentence the defendant to the maximum term of imprisonment otherwise provided by law.

"(b) In the event a sentence of death or any provision of chapter 252 of the 1994 Session Laws of Kansas authorizing such sentence is held to be unconstitutional by the supreme court of Kansas or the United States supreme court, the court having jurisdiction over a person previously sentenced shall cause such person to be brought before the court and shall modify the sentence and resentence the defendant as otherwise provided by law.

"(c) In the event the mandatory term of imprisonment or any provision of chapter 341 of the 1994 Session Laws of Kansas authorizing such mandatory term is held to be unconstitutional by the supreme court of Kansas or the United States supreme court, the court having jurisdiction over a person previously sentenced shall cause such person to be brought before the court and shall modify the sentence to require no mandatory term of imprisonment and shall sentence the defendant as otherwise provided by law." K.S.A. 2019 Supp. 21-6628.

The Kansas Supreme Court recently addressed the identical argument raised by Verge, and its opinion is dispositive of this appeal. In *State v. Coleman*, 312 Kan. 114, 116, 472 P.3d 85 (2020), the defendant sought to modify his hard 40 sentence under K.S.A. 2019 Supp. 21-6628(c), relying on *Alleyne* and *Soto* to argue that his sentence should be modified "'to require no mandatory term of imprisonment.'" The *Coleman* court "consider[ed] the several ways in which Coleman's motion may be viewed." 312 Kan. at 120.

First, the Supreme Court determined the motion could not be construed as a motion to correct illegal sentence under K.S.A. 22-3504 because "a sentence imposed in violation of *Alleyne* does not fall within the definition of an 'illegal sentence.'" *Coleman*, 312 Kan. at 120.

Next, the *Coleman* court determined that a K.S.A. 60-1507 motion would also fail because Coleman's motion was untimely and "the change in law effected by *Alleyne* cannot provide the exceptional circumstances required to permit a successive motion or demonstrate manifest injustice necessary to permit an untimely motion." 312 Kan. at 121. The *Coleman* court reasoned that *Alleyne* does not provide exceptional circumstances because it does not apply retroactively to his case. *Coleman*, 312 Kan. at 121.

Finally—and of particular importance to the resolution of this appeal—having determined that Coleman's motion was not proper under K.S.A. 22-3504 or K.S.A 60-1507, the *Coleman* court considered his argument under K.S.A. 2019 Supp. 21-6628(c). Our Supreme Court noted this was an issue of first impression but relied on the precedent set forth in *State v. Thurber*, 308 Kan. 140, 234, 420 P.3d 389 (2018), to find K.S.A. 2019 Supp. 21-6628(c) is a "fail-safe provision" that "applies only when the term of imprisonment or the statute authorizing the term of imprisonment are found to be unconstitutional." *Coleman*, 312 Kan. at 123.

According to our Supreme Court, neither circumstance occurred in *Coleman* because the statute that was found unconstitutional—K.S.A. 21-4635—did not *authorize* the sentence, but "was part of the procedural framework by which the enhanced sentence was determined." 312 Kan. at 124. As for the term of imprisonment, the court held "Kansas' hard 40 and hard 50 sentences have never been determined to be categorically unconstitutional. This court continues to uphold such sentences in appropriate cases." 312 Kan. at 124. As a result, our Supreme Court affirmed the summary denial of Coleman's motion to modify sentence. 312 Kan. at 124.

7

Based on *Coleman*, Verge's chosen pathway for seeking a sentence modification is unavailing because K.S.A. 2019 Supp. 21-6628(c) does not provide a procedural vehicle for Verge to bring his claim to the district court. Moreover, *Coleman* also supports the district court's finding that Verge's motion is without merit because *Alleyne* may not be applied retroactively in Verge's case.

Because K.S.A. 2019 Supp. 21-6628(c) does not provide a procedural pathway for the district court to consider his motion to modify sentence, Verge's claim could only be dismissed or construed as a K.S.A. 60-1507 motion. See *Anthony*, 274 Kan. at 1002.

*Whether Verge's Motion was Meritorious under K.S.A. 60-1507*

The district court construed Verge's motion as a K.S.A. 60-1507 motion because he was attacking the constitutionality of his hard 40 sentence. According to the district court:

> "Well over a decade after Mr. Verge's Hard 40 sentence became final, Mr. Verge collaterally attacks his sentence for the fifth time. On all four prior occasions, Mr. Verge used mistitled motions to correct an illegal sentence to request relief that only K.S.A. 60-1507 authorizes. This time, Mr. Verge gives his motion a different title. But as before, that title does not alter the K.S.A. 60-1507 nature of Mr. Verge's request—i.e. Mr. Verge's motion still claims his 'sentence was imposed in violation of the constitution . . . of the United States.' K.S.A. 60-1507(a)."

K.S.A. 2019 Supp. 60-1507 provides a mechanism for collateral attack of an unconstitutional sentence. When a district court summarily denies a K.S.A. 60-1507 motion, an appellate court's review is unlimited. The goal of the court's review is to determine whether the motion, files, and records of the case conclusively show that the movant is entitled to no relief. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018).

8

As applied to this case, under K.S.A. 2019 Supp. 60-1507(f)(1), Verge was required to file his K.S.A. 60-1507 motion within one year after the issuance of the Kansas Supreme Court's mandate on direct appeal which occurred on December 11, 2001. It is apparent that the district court correctly found it has been "[w]ell over a decade [since] Mr. Verge's hard 40 sentence became final." Verge's latest motion was untimely.

When a K.S.A. 60-1507 motion is untimely, an extension of the time period is permitted only "to prevent manifest injustice." K.S.A. 2019 Supp. 60-1507(f)(2). Under this statute, an inmate must either show a good reason why the motion was not filed within the time period or present a colorable claim of actual innocence. K.S.A. 2019 Supp. 60-1507(f)(2)(A). This statutory definition of manifest injustice applies to Verge's motion because he filed it after the statute was amended on July 1, 2016. See *White v. State*, 308 Kan. 491, 503, 421 P.3d 718 (2018).

Verge does not argue manifest injustice on appeal, but he did argue manifest injustice in his motion:

> "Verge[] further asserts that it would be manifestly unjust for the court to procedurally impede the sentence modification he seeks for the reasons outlined above, and given that he is entitled to sentence modification, has met the requisite elements contained within the statute, and that the modification provisions within the statute do not foreclose any person previously sentenced under the statute; therefore, any impediment the court may infer is 'obviously unfair' and would be 'shocking to the conscience.'"

As mentioned earlier, the *Coleman* court held that "when a K.S.A. 60-1507 motion is filed in a case that was final prior to *Alleyne*, the change in law effected by *Alleyne* cannot provide the exceptional circumstances required to permit a successive motion or demonstrate the manifest injustice necessary to permit an untimely motion." *Coleman*, 312 Kan. at 121. Verge's motion was properly denied as untimely without a showing of manifest injustice.

9

Similarly, the district court properly held Verge's motion was successive. Under K.S.A. 60-1507(c), a sentencing court is not required to entertain a second or successive motion for similar relief on behalf of the same prisoner. *Beauclair*, 308 Kan. at 304. "A movant in a K.S.A. 60-1507 motion is presumed to have listed all grounds for relief, and a subsequent motion need not be considered in the absence of a showing of circumstances justifying the original failure to list a ground." *Trotter*, 296 Kan. 898, Syl. ¶ 2.

Verge's current motion is his fifth postconviction motion attacking the validity of his sentence—and the fourth time a Kansas district court construed the motion as a K.S.A. 60-1507 motion. As noted by the district court, the *Verge IV* panel held that "there can be no doubt that Verge's motion is both successive and untimely." 50 Kan. App. 3d at 593. Similarly, this fifth K.S.A. 60-1507 motion is also successive.

To avoid a dismissal of a second or successive K.S.A. 60-1507 motion, the movant bears the burden of establishing exceptional circumstances. Exceptional circumstances are unusual events or intervening changes in the law that prevented the defendant from raising the issue in a prior K.S.A. 60-1507 motion. *Beauclair*, 308 Kan. at 304.

Verge did not make an argument seeking to establish exceptional circumstances at the district court or on appeal. As a result, he has abandoned this argument. See *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018) (finding an issue not briefed is deemed waived or abandoned). Assuming he would contend the decision in *Alleyne* would qualify as a change in law that established exceptional circumstances, *Coleman* held "the change in law effected by *Alleyne* cannot provide the exceptional circumstances required to permit a successive motion." *Coleman*, 312 Kan. at 121. As a result, the district court also did not err in finding Verge's motion to be successive.

Affirmed.